# KNOX COUNTY *v.* HARSHMAN.

APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE
EASTERN DISTRICT OF MISSOURI.

No. 1212. Argued October 15, 1889.— Decided October 28, 1889.

An appeal from a decree granting, refusing, or dissolving an injunction
does not disturb its operative effect.

When an injunction has been dissolved it cannot be revived except by a
new exercise of judicial power.

The prosecution of an appeal cannot operate as an injunction where none
has been granted.

Although a bill to impeach a judgment at law is regarded as auxiliary or
dependent, and not as an original bill, the supersedure of process on the
decree dismissing the bill does not operate to supersede process on the
judgment at law.

GEORGE W. HARSHMAN, on the 28th day of March, 1881,
recovered a judgment by default in the Circuit Court of the
United States for the Eastern Division of the Eastern Judicial·
District of Missouri against the county of Knox, in the State
of Missouri, for the sum of $77,374.46 and costs, and on the
25th day of January, 1882, sued out an alternative writ of
mandamus in the usual form, directed to the county court of
said county and the judges thereof, for the levy of taxes to
pay the same. To this writ, return was made on the 23d day
of March, 1882, setting forth the reasons relied on by respond-
ents as justifying their refusal to make the levy required.
Issue was joined on this return, and upon a trial and verdict
by a jury, October 11, 1883, the Circuit Court quashed the
writ. Harshman brought the cause by writ of error to
this court, which held the return insufficient, reversed the
judgment, and directed the peremptory writ to be awarded.
*Harshman* v. *Knox County*, 122 U. S. 306. The mandate
went down on the 3d day of June, 1887, and a peremptory
writ of mandamus was issued·by the Circuit Court, command-
ing the county court of Knox County and the judges thereof

to levy the tax as prayed, and was duly served June 28, 1887, but nothing was done in execution thereof.

On the 11th day of July, 1887, the county of Knox filed a bill in equity in the Circuit Court against Harshman, alleging various grounds upon which complainant prayed that Harshman be enjoined from further proceeding on his writ of mandamus, or prosecuting any other writ or proceeding upon said judgment requiring the levy of a special tax to pay the same. No preliminary injunction was granted, and the cause was finally heard on bill and answer at the September term, 1888, when the bill was dismissed and a decree rendered against the county for costs. From this decree the county prayed an appeal, which was granted; an appeal bond for $500, in the usual form, was duly given and approved; and the record was thereupon filed in this court in due time. On the 10th day of April, 1889, Harshman again sued out a peremptory writ of mandamus, to which the county made substantially the same return as to the alternative writ, but setting up the proceedings in equity, and insisting that the perfecting of the appeal from the decree dismissing the bill operated as a supersedeas of the judgment recovered March 28, 1881. Thereupon Harshman moved that said return be quashed, which motion was sustained, and the return quashed accordingly, the district judge, who held the Circuit Court, delivering an opinion, in which he said: "When the bond for $500 was taken and approved the court advised counsel for respondents that it did not regard the bond for the sum of $500 as adequate to work a supersedeas, and it expressly declined to order that it should operate as such." The county then filed its motion for a rehearing of the motion to quash, and on the same day Harshman moved for an attachment against the judges of the county court for failing to obey the peremptory writ. The motion for rehearing was denied by the circuit judge, who also refused to stay the collection of the judgment.

The county, appellant in this cause, which is the appeal from the decree dismissing the bill in equity as before stated, now moves for a writ of supersedeas, requiring the Circuit

Court to quash the peremptory writ of mandamus of April 10, 1889, and restraining said court from issuing any other or further process in execution of said judgment, and commanding appellee to "cease prosecuting said peremptory writ of mandamus, and to surcease all further proceedings in execution of said judgment under the General Statutes of Missouri of 1866 until this cause shall have been heard and decided by this court."

*Mr. James Carr* for the motion.

*Mr. J. B. Henderson,* (with whom was *Mr. T. K. Skinker* on the brief,) opposing.

MR. CHIEF JUSTICE FULLER, after stating the case as above reported, delivered the opinion of the court.

Appellant's counsel contends that the appeal taken and perfected from the decree dismissing his client's bill of complaint operated, or should be made to operate, to supersede the judgment, in collection of which the peremptory writ of mandamus was awarded. That judgment was recovered on the 28th day of March, 1881, and no proceedings in error have ever been taken, and no bond given to supersede its operation. An alternative writ of mandamus was sued out, the cause shown by the county court and its judges against granting the peremptory writ was disposed of by this court on writ of error, and the peremptory writ was directed to be issued. The county of Knox then filed its bill in equity to restrain the collection of the judgment as commanded. No preliminary injunction was granted, and upon final hearing the bill was dismissed, and a decree passed against the county for costs.

The general rule is well settled that an appeal from a decree granting, refusing, or dissolving an injunction, does not disturb its operative effect. *Hovey* v. *McDonald,* 109 U. S. 150, 161; *Slaughter-House Cases,* 10 Wall. 273, 297; *Leonard* v. *Ozark Land Co.,* 115 U. S. 465, 468.

When an injunction has been dissolved, it cannot be revived

except by a new exercise of judicial power, and no appeal by the dissatisfied party can of itself revive it. *A' fortiori*, the mere prosecution of an appeal cannot operate as an injunction where none has been granted.

As stated by Mr. Chief Justice Waite, in *Spraul* v. *Louisiana*, 123 U. S. 516, 518, "The supersedeas provided for in § 1007 of the Revised Statutes stays process for the execution of the judgment or decree brought under review by the writ of error or appeal to which it belongs."

The supersedure of process on the decree dismissing the bill could not supersede process on the judgment at law, and this is so, notwithstanding a bill to impeach a judgment is regarded as an auxiliary or dependent and no as an original bill.

The record presents no ground for the interference sought, and

*The motion must be overruled.*