Gibbs v. Board of Aldermen of Louisville.

CASE 82—MOTION—APRIL 26.

## Gibbs v. Board of Aldermen of Louisville.

APPEAL FROM JEFFERSON CIRCUIT COURT, COMMON PLEAS DIVISION.

WRIT OF PROHIBITION—EFFECT OF SUPERSEDEAS ON TEMPORARY PRE-VENTIVE ORDER.—Where a writ of prohibition is denied by the trial court on final hearing, an appeal with supersedeas does not continue in force, pending the appeal, a temporary preventive order prohibiting the inferior tribunal from acting until the application for the writ could be heard.   The court is not inclined to extend to writs of prohibition the rule which continues in force a temporary injunction where an appeal is prosecuted with supersedeas from an order dissolving the injunction on final hearing; and especially so in view of the fact that a statute has been enacted changing that rule and leaving to the discretion of the trial judge, in each case, the entire question as to leaving the temporary injunction in force pending the appeal.   And while that statute has not yet gone into effect, it should, as far as practicable, be followed.

HARGIS & TURNER, JR., FOR APPELLANT.

The supersedeas has the effect to suspend the judgment dissolving the temporary preventive order and all proceedings until this appeal is determined.   (Smith v. Western Union Telegraph Company, 83 Ky., 269; Elizabethtown, &c., R. Co., v. Ashland, &c., Street R. Co., 15 Ky. Law Rep., 258; Barker v. Edlin, 9 Ky. Law Rep., 971; Runyan v. Bennett, 4 Dana, 599; Yocum v. Moore, 4 Bibb, 221.)

H. S. BARKER FOR APPELLEES.

As there never was a writ of prohibition there is nothing to be stayed by the supersedeas except the execution for costs.   The life of the tem-

porary preventive order ended when the motion for a writ was disposed of. (Civil Code of Practice, secs. 476, 474, 445, 447.)

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

The Board of Aldermen of the city of Louisville were proceeding to investigate certain charges and specifications preferred against F. H. Gibbs, a park commissioner of that city, with a view of removing him from office if the charges made were sustained, when the latter, in a proceeding by motion, accompanied by a petition authorized by section 474 of the Civil Code, obtained a preventive order prohibiting that board from proceeding with the investigation until the motion was decided. The Board of Aldermen appeared to the motion, filed a demurrer to the petition, and upon the hearing the writ was denied. The applicant for the writ then prayed an appeal to this court and executed a supersedeas bond in the court below in the ordinary form. He now applies for a rule against the Board of Aldermen to show cause why they should not be punished for contempt in disobeying the supersedeas, alleging their purpose to proceed with the investigation of the charges regardless of the supersedeas.

What was there for the applicant to supersede in the present inquiry? The court below had denied the writ and left the applicant without the relief sought. The intervening order was not, in fact, a writ of prohibition, but a command from the court to the Board of Aldermen to stay all proceedings until it could be determined whether or not the plaintiff was entitled to the writ.

The writ was not allowed to go, and the applicant, by a supersedeas, is attempting to obtain relief the court denied him. It is like superseding a judgment denying

to the plaintiff the right of recovery in an action of debt with no lien created by attachment or otherwise on the property of the defendant, or to obtain an injunction when the court has refused to grant it. The case of Smith, &c., v. Telegraph Co., reported in 83 Ky., 269, and other cases are referred to by counsel establishing the rule that, where an injunction has been granted and finally dissolved, a supersedeas restores the injunction, or its effect, until the case is disposed of on the appeal. Such cases bear some analogy to the case before us, but the rule recognized by them is at variance with the practice and judicial determinations upon such questions by the courts of other States; and the Legislature, at its last session, doubting the wisdom of the rule in this State as to the effect of a supersedeas in cases where injunctions have been modified or dissolved, passed an act providing that "when an appeal shall be taken from any judgment granting, modifying, perpetuating or dissolving any injunction, the court which rendered the judgment may, in its discretion, if the ends of justice so require, at the time the appeal is taken, make an order suspending, modifying or continuing the injunction during the pendency of the appeal," etc., and also providing that the provisions of the Civil Code, concerning supersedeas on appeals, shall not apply to judgments granting, modifying, perpetuating or dissolving injunctions.

The entire question as to the retention of the injunction until the appeal is disposed of, is left to the discretion of the trial judge, who is familiar with the facts and the parties, and can perceive the danger that may happen to the rights of the litigants if there is an entire suspension of the injunction during the pendency of the appeal.

This amendment to the Code will operate to prevent the hardships that litigants often sustain by reason of an injunction being made effective during an appeal, or by reason of the entire suspension of the writ after judgment in the court below until disposed of by this court. The trial judge is now left to protect the interest of litigants in such cases, and while the act was approved on the 19th of March, 1894, and is not operative until ninety days after the adjournment of the session at which it was passed, it is an amendment to the Code, wise in its provisions, and should, as far as practicable, be followed.

The writ of prohibition is the order from the superior to the inferior court of limited jurisdiction, prohibiting the latter from acting in a matter out of its jurisdiction, and, by section 475 of the Code, the granting or the refusal of the writ is the final order, and when the final order is entered, the temporary preventive order has no longer any force in this or any other court, and the final order being a denial of the writ, the supersedeas affects only the question of costs. The preventive order was only intended to protect the litigants until the court could determine whether or not he was entitled to the writ of prohibition, and the court having denied the writ, the effect of a mere preventive order can not be revived by a supersedeas so as to make the writ of prohibition effective during the pendency of the appeal.

This court, in the case of injunctions, had some doubt as to the efficacy of the rule when established, and is not disposed to extend it by applying it to writs of prohibition, because a temporary order had been issued for the protection of the litigant until his case could be heard. He has applied for relief and it has been denied

him, and his only remedy is by an appeal, without a supersedeas except as to costs. The court does not mean to pass on the merits, or to adjudge in any manner that the court below had the jurisdiction to interfere with the trial in progress before the Board of Aldermen.

The rule is refused.