## KING v. BUSKIRK et al.

(Circuit Court of Appeals, Fourth Circuit. February 2, 1897.)

### No. 172.

DISSOLUTION OF INJUNCTION—JUDGMENT AT LAW FOR DEFENDANT.

When, upon a bill in equity filed as ancillary to an action of ejectment, a preliminary injunction has been granted restraining the defendant from cutting timber upon the land in controversy, for the purpose of preserving the status quo pending the litigation, and a verdict and judgment are afterwards rendered for the defendant in the action of ejectment, it is proper for the court, in the exercise of its discretion, upon being informed of such verdict and judgment, to dissolve the injunction.

Appeal from the Circuit Court of the United States for the District of West Virginia.

Maynard F. Stiles, for appellant.

Z. T. Vinson, for appellees.

Before SIMONTON, Circuit Judge, and MORRIS and BRAWLEY, District Judges.

SIMONTON, Circuit Judge. This case comes up by appeal from the circuit court of the United States for the district of West Virginia. In March, 1895, the present appellant brought his action of ejectment against a number of persons, among them the appellees, Buskirk and Mullins. As ancillary to this suit, the appellant, on the 31st May, 1895, filed his bill against these two defendants, claiming ownership in a tract of 500,000 acres; that the defendants were setting up title to a part of this land under deeds arising from sales alleged to be fraudulent; and that they were preparing to cut off the timber on said lands, which were chiefly valuable because of this timber. The bill prayed an injunction pendente lite. Answers having been filed, the cause was heard on the motion for injunction. The injunction was granted, and an appeal therefrom taken to this court, which affirmed the decree of the circuit court, February 4, 1896. Buskirk v. King, 18 C. C. A. 418, 72 Fed. 22. On 31st December, 1895, the appellant filed another bill in equity, in the circuit court of the United States for the district of West Virginia, against these same defendants, and impleaded with them Lorenzo D. Chambers and Margaret L. Chambers. In this bill he set up his title to the said 500,000-acre tract; charged that the defendants had by fraudulent acts of Chambers, commissioner of school lands, become possessed of a pretended title to part of said lands, and that the merchantable timber was being cut therefrom; that an action of ejectment had been brought by him against said defendants; and that complainant had obtained an injunction against the cutting of the timber on a part of said lands; and prayed an injunction against the defendants as to the rest of the land claimed by them. Upon the filing of this bill, a temporary injunction was granted as prayed for. On 26th February, 1896, the two causes above referred to were consolidated. The action of ejectment to which these suits in equity were ancillary came on to be tried before a jury on 14th January, 1896. The defendant Mullins and two others having severed their defense from the other defendants, the issue was made as to them; and on 30th January, 1896, the jury, under instructions of the court, found a verdict for the defendants. On 27th February of the same year, Mullins and Buskirk, in the consolidated equity cases, filed what is called a "plea," verified by affidavit, in which was stated the fact of the trial of the action of ejectment and its result in the instruction of the court to the jury to find for the defendants, and that judgment was entered thereon on 27th February, 1896, and the further fact that the land in said ejectment suit sought to be recovered from the said defendants is the same land mentioned and described in the bills praying for injunction, and, on that state of facts, praying the judgment of the court, whether they should be called upon further to answer the bill. Thereupon the court dissolved the injunction. A modification of the order was subsequently made, but not in any way affecting the purport of the order dissolving the injunction. Thereupon an appeal was

taken to this court upon the several assignments of error set out in the record. It is not necessary to discuss these in detail.

The granting of an injunction on a bill filed ancillary to an action of ejectment is a departure from the ancient practice in equity. Pillsworth v. Hopton, 6 Ves. 51; Norway v. Rowe, 19 Ves. 147. It is the product of modern practice. It is not a matter of absolute right, nor does such an injunction issue as a matter of course. There must appear prima facie a title in the complainant; and there must also appear danger of irreparable injury, such injury as cannot be compensated in money. Nor must the court look only to the injury threatened the complainant. It must also consider the interests of the defendants. "There is no power, the exercise of which is more delicate, which requires greater caution, deliberation, and sound discretion, or more dangerous in a doubtful case, than the issuing of an injunction. * * * The right must be clear; the injury impending and threatened, so as to be averted only by the protecting preventive process of injunction." Truly v. Wanzer, 5 How. 142, 143. It is for the chancellor to say, after an examination of the claim of title in the complainant, whether the showing prima facie is such as to render it proper to preserve the status quo. Poor v. Carleton, Fed. Cas. No. 11,272. When such an injunction is granted, it goes upon the idea that the property should be preserved until one or the other of the parties shows the best title to it, and to prevent irreparable mischief. But if it be made to appear to the chancellor, after injunction granted, that the injury is not of the irreparable character alleged, or that compensation may be afforded in damages, or that the title set up by complainant is not good, and that such has been the verdict of a jury, there can be no reason why the injunction should not be dissolved. See Russell v. Farley, 105 U. S., at pages 441, 442. If the bare fact that a party sets up a claim to land will entitle him to an injunction against the party in possession, restraining him from all use whatever of it, pending a long and expensive litigation, irreparable injury may be done to defendants in such a suit. Take the case of a person who has gone into quiet possession of land under what seems a good title, and who has expended sums of money in its use and improvement. Has he less claim on the protection of its court than one who sets up an old claim, long dormant, and seeks to oust him? And if the chancellor has been judicially satisfied that the title set up by the complainant is not a good title, or that the great preponderance of probability is with the party in possession, must he, nevertheless, keep the defendant out of its enjoyment?

In the case at bar, action of ejectment was tried before the judge who heard the motion to dissolve the injunction. He knew the full merit of the complainant's title, and, after hearing it, he instructed the jury to find for the defendant. The so-called "plea" simply put the facts before him in regular form,—the fact that a jury had heard the case at law, and, under the instructions of the court, had found the title of the plaintiff in ejectment invalid. It must not be treated as a formal plea. It was more in the nature of an affidavit on which is based a motion to dissolve an injunction. Under

these circumstances, the court exercised its discretion, and, to prevent irreparable mischief to the defendants, dissolved the injunction. No other action was taken on the so-called "plea." The cause is still pending. No error is perceived in this.

The appellant was allowed a supersedeas bond, with provision, however, that the defendant, by giving bond, could continue his cutting of timber notwithstanding the supersedeas. In this the court exercised its discretion. Both provisions of the order terminate with the promulgation of this opinion, and no practical result could now be reached if this court reviewed it. The decree of the circuit court is affirmed.