SIMONTOU, Circuit Judge.
This case comes up by appeal from the circuit court of the United States for the district of West Virginia. Henry C. King claims to be the owner in fee simple of a tract of land containing about 500,000 acres, granted to Robert Morris on the 23d of June, 1795, lying in the states of Virginia, West Virginia, and Kentucky. In order to recover possession of a part of this tract which lies in West Virginia, he instituted actions of ejectment in the circuit court of the United States for the district of West Virginia against a large number of persons, among whom are the appellees here. Very soon thereafter, and as ancillary to said actions of ejectment, he filed his bill on the equity side of the court against these appellees, praying an injunction against them from using the said land pendente lite. On the 4th of December, 1894, an order was issued on this bill against the said defendants, requiring them on a day certain to show cause why an injunction should not issue as prayed for in the bill, and in the meantime the usual restraining order was granted. On the 28th of February, 1896, the restraining order being still in force, but no formal order of injunction having been granted, the defendants filed their plea to the bill. In this plea they aver “that in the action of ejectment of the said Henry O. King against M. B. Mullins, Alexander McClintock, and John McClintock, wherein the said Henry C. King-sought to recover possession of and an estate in fee in the same tract of 500,000 acres of land mentioned and described in the bill, upon a trial thereof before this honorable court and a jury impaneled therein, it was, to wit, on the 27th of February, 1896, by the judgment and consideration of this honorable court, adjudged that the said Henry G. King had no right to recover the possession of the said land, or any part thereof, and that he had no title in fee or otherwise thereto, or to any part thereof; which judgment still remains in full force and *171 effect, unreversed and unappealed from. * * * These defendants aver that the land mentioned and described in the bill is the same land, and none other, as the land so sought to be recovered in said action of ejectment against said Mullins and McClintocks, and the same for which it was adjudged the said Henry 0. Bang has no right to recover.” The plea prayed the bill be dismissed. This plea, and, presumably, the joinder thereon, came on to be heard, and the circuit ■court held the plea sufficient, and valid in law. Thereupon the bill was dismissed. To this action of the court exception was taken, and an appeal was allowed and the cause is here on assignments of error.
It is not necessary to discuss in detail these assignments of error. The case comes within and is controlled by the principle settled in the case of King v. Buskirk, the decision of which was announced at the February term of this court, 1897, 24 C. C. A. 82, 78 Fed. 238. The granting or the refusal or the dissolution of an injunction on a bill filed ancillary to an action of ejectment at law is wholly within the discretion of the court. It is for the chancellor to say, after the -examination of the claim of title in the complainant, whether the showing prima facie is such as to render it proper to preserve the status quo. Poor v. Garleton, Fed. Cas. No. 11,272. When such an injunction is granted, it goes upon the idea that the property should be preserved until one or the other of the parties shows the best title to it, for the purpose of preventing irreparable mischief. But if it be made to appear to the chancellor at the hearing, or at any time after an injunction has been granted, that the injury is not of the irreparable character alleged, or that compensation may be afforded in -damages, or that the title set up by complainant is not good, there can be no reason why the injunction should not be dissolved. The action of the chancellor does not conclude the claim of title of the complainant, and it can have no effect on the action at law. All that he does is to determine from the circumstances surrounding the case whether the ordinary course should be followed, and the party .plaintiff be made to establish his right by the verdict of a jury, before depriving defendant of possession, or whether the equities of the case -demand that the defendants be restrained from use of the land while the plaintiff is proceeding to prove his title. This conclusion the chancellor may reach either by an inspection of the record, or by affidavits, or by formal pleadings and evidence. In the present case, after presentation of certain facts relating to the claim of complainant, the consideration of these facts, and after argument, he concluded that it would not be equitable to allow the restraining order to remain in force. As the bill was filed solely for the purpose of obtaining an injunction pendente lite, the natural result of his conclusion was the dismissal of the bill. We see no error in this exer•cise by him of his discretion. The circuit court decree is affirmed.