## STAFFORDS et al. v. KING.

(Circuit Court of Appeals, Fourth Circuit. November 1, 1898.)

### No. 275.

1. JURISDICTION OF CIRCUIT COURT OF APPEALS—CONSTITUTIONAL QUESTION.

Under the rule that the circuit court of appeals cannot entertain an appeal from an order granting or refusing a temporary injunction, unless it might have jurisdiction of an appeal from the final decree in the suit, where a suit to restrain the cutting and removal of timber from land was based on an allegation of title in complainant, to which defendants pleaded that plaintiff's title had become forfeited under a state statute, and also title in defendants by adverse possession, an amended bill averring that the state statute was in contravention of the constitution of the United States does not deprive the circuit court of appeals of jurisdiction of an appeal from an order granting an injunction, since the court, on final hearing, might sustain the title of the defendants on the ground of adverse possession, rendering a determination of the constitutional question unnecessary.[1]

2. INJUNCTION—ORDER OF DISSOLUTION—EFFECT OF SUPERSEDEAS.

While an appeal from an order dissolving an injunction, though with a supersedeas, does not reinstate the injunction in force, yet the court may, in its discretion, do so by an affirmative order; and where, in the order allowing the appeal and supersedeas, the court provided that pending such appeal the order dissolving the injunction should stand suspended and superseded, and after a decision by the circuit court of appeals affirming the order of dissolution, but before its mandate had been sent to the circuit court, the cause and record were removed to the supreme court by a writ of certiorari, the injunction remains in force, and must be respected and enforced until final disposition of the case in the supreme court.

3. SAME—INJUNCTION BOND—WHEN REQUIRED.

An order granting an injunction against the cutting of timber, and appointing a receiver to take possession of timber already cut by defendants, although based on a holding that a former injunction to the same effect still remained in force, which claim, however, was contested, should require an injunction bond from the complainant and a bond from the receiver.

Appeal from the Circuit Court of the United States for the District of West Virginia.

This was an appeal from an order granting an injunction against the cutting of timber, and appointing a receiver to take possession of timber previously cut by defendants.

Z. T. Vinson and John H. Holt, for appellants.

M. F. Stiles, for appellee.

Before SIMONTON, Circuit Judge, and MORRIS and BRAWLEY, District Judges.

SIMONTON, Circuit Judge. This case comes up on appeal from the order and decree of the circuit court of the United States for the district of West Virginia, granting a temporary injunction. The case has been given precedence under the act of March 3, 1891 (26 Stat. 826). It presents important questions of practice, and will be stated in detail.

[1] As to jurisdiction of the circuit court of appeals, see note to Lau Ow Bew v. U. S., 1 C. C. A. 6.

The complainant claims to be the owner of a grant from the state of Virginia, bearing date 28th October, 1794, originally made to Robert Morris, and covering 500,000 acres of land. The entire tract covers land in Virginia and Kentucky, and in the counties of Mingo, Logan, Wyoming, and McDowell, in the state of West Virginia. He sets out the manner in which, through intermediate conveyances, the title from the original grantor has come down to him. Asserting his title, he brought several actions in ejectment against persons who were exercising, as it was alleged, acts of ownership within the lines of this grant, in the circuit court of the United States for the district of West Virginia. Among the defendants to these suits were defendants to this bill, Alexander Stafford, W. E. Justice, Levi Browning, F. M. Trent, O. F. Ferrall, Wayne McDonald, and Leander Ellis. Pending the actions of ejectment, and as ancillary thereto, the complainant filed in the same circuit court of the United States bills praying injunctions against the defendants in the ejectment suits, restraining them from cutting and removing timber on the lands claimed by the complainant pending said suits of ejectment. Temporary injunctions were thereupon granted by the circuit court. These injunctions being of force, one of these actions of ejectment was tried in the circuit court of the United States for the district of West Virginia, against M. B. Mullins et al., defendants, in which the validity of the title of this complainant was put in issue, and in which, under the instructions of the court that the complainant had no right to recover the possession of the said land (this tract of 500,000 acres), or any part thereof, the jury found for the defendants. Thereupon McDonald and the other defendants, whose names are in these proceedings, and who were under the temporary injunction, filed a statement in the equity suits in which they were defendants, in the nature of a plea, bringing this verdict to the attention of the court; whereupon the court dissolved the temporary injunction. The complainant appealed to this court, having entered into a supersedeas bond, and the action of the court below was affirmed. King v. Williamson, 42 U. S. App. 395 et seq., 25 C. C. A. 355, and 80 Fed. 170; Same v. McDonald, 42 U. S. App. 397, 26 C. C. A. 685, and 80 Fed. 1006; Same v. White, 42 U. S. App. 398, 26 C. C. A. 685, and 80 Fed. 1006. In the meantime, the case of King v. Mullins was carried by writ of error to the supreme court of the United States (18 Sup. Ct. 925); and, upon the rendition of the decision of this court in the King v. Williamson cases, they were carried by certiorari also into the supreme court; and the mandates of this court were stayed. These cases, at the hearing of the present appeal, were still pending. Afterwards the complainant filed this bill. In it, after setting out in substance what has been briefly stated above, he charges that the defendants, notwithstanding the existence of the restraining order of the court, have entered upon the lands claimed by him, and have cut down great quantities of timber thereon, and have put this timber in the Guyandotte river and its tributaries, for the purpose of removing it from the district of West Virginia; and that these acts were done notwithstanding the

service upon each of them of notices of the reinstatement of the injunctions, and of their binding force upon them; and that, when this proved unavailing, he applied for and obtained from the court rules against them to show cause why they be not attached for contempt; that, in serving these notices, the officer charged with the service was put in great jeopardy of life and limb, and was assaulted and threatened. The bill further charges that the other defendants are purchasers of timber, who have bought from the trespassing defendants with full notice of the injunction, and that they are actually removing it. The bill prays discovery as to the amount of timber cut and removed, the appointment of a receiver to take charge of it pending these proceedings, and an injunction against the cutting and removing any more timber from this land, with the further prayer that the timber already cut be adjudged the property of the complainant, and to this end that an account be taken.

Upon the filing of the bill, the court below issued a rule against the defendants to show cause why an injunction be not granted as prayed for in the bill, and meanwhile issued its restraining order, in these words:

"And it appearing from the allegations of said bill that said defendants have cut, or caused to be cut, certain timber upon said tract of land, a large part of which is charged to have been cut in violation of former orders of this court, and that the same is now lying in Guyandotte river, in imminent danger of being removed out of the state of West Virginia, and beyond the jurisdiction of this court; and it appearing that the said timber, unless properly cared for and preserved, is in danger of being removed, lost, or scattered, and that there is danger of injury to complainant from delay pending the hearing upon said rule,—it is further ordered and decreed that in the meantime, and until the further order of the court, the defendants, and each of them, their servants and agents, and all persons claiming or acting under them, or any of them, be, and they are and each of them is hereby, inhibited and enjoined from cutting timber upon said land, and from removing and disposing of any of the said timber heretofore cut upon said land; and that Joseph Ruffner be, and he is hereby, appointed a receiver of said timber, and authorized and empowered to take possession of and preserve said timber until the further order of the court herein; and the said receiver is directed and required to take and report an account thereof, with all the information he can obtain in relation thereto; and the said defendants and all other persons are enjoined and restrained from interfering in any manner whatever with said timber, or with said receiver's possession thereof. No bond is required at the present time upon the awarding of the temporary injunction herein, nor is any bond at present required of said receiver."

The bill was subsequently amended by averments meeting certain claims of title on the part of the defendants, traversing and denying the effect thereof. And, defendants having alleged that the lands claimed by complainant had been forfeited under the laws of West Virginia, the amended bill charges that these laws, in so far as they were construed to work such forfeiture, are in contravention of the constitution of the United States.

The defendants filed their answers to the bill of complaint, original and as amended. The answers set up long, continuous, notorious, adverse possession by defendants, or those under whom they claim, under color of title, and that the title of complainant has been forfeited. A motion was made in their behalf to dissolve

the restraining order, on the bill, the amendment, affidavits, and the answers, on hearing which the court entered this order:

"Upon consideration of said motion to dissolve the injunction and discharge the receiver, the court is of opinion that as it appears from the evidence in this cause that an injunction had heretofore been awarded, which injunction is now in force, pending an appeal in the supreme court of the United States, inhibiting and restraining the defendants from cutting the timber described in the plaintiffs' bill now under consideration, that the cutting of the timber was a violation of the injunction pending in the said supreme court, and for this reason refuses to turn over and surrender the timber to the defendants in this action, and also declines to discharge the receiver, it being the opinion of the court that it is its duty to preserve the status of the property pending the litigation, until the supreme court shall have finally disposed of the question before it. But the court is further of the opinion that inasmuch as the timber has been cut and severed from the property claimed by the plaintiffs in this action, in violation of the first injunction awarded against the defendants, it is the duty of the court to hold the property, and either direct the receiver to sell it or to permit the defendants to give bond in such amount as will indemnify the plaintiffs in this action, so that they may take possession of the property,—to answer the judgment of the court whenever, by its decree, they are required to do so. It is further ordered, adjudged, and decreed that the defendants have leave to take possession of the property, upon filing with the receiver a bond in sufficient penalty to observe the decree of the court in the event they are required to do so, to be returned by him to this court, which will cover the value of the property now in his hands; and in the event that the defendants decline or fail to give the bond within ten days, or such further time as upon application the court may give, then, upon the failure of the defendants to give such bond, the receiver is directed to sell the logs in his possession as such receiver, either at private or public sale, as he may think best for the interest of all concerned; but, if the property is sold at public sale, he must first advertise it for a period of ten days in the Huntington Advertiser, and report his proceedings to the court. But, before executing this sale, he must enter into bond in the sum of five thousand dollars, conditioned for the faithful discharge of his duties as such receiver."

Thereupon leave was granted to defendants to appeal to this court, and the cause is here on six assignments of error. The first three of these go to the title of the complainant in the land, and in the timber mentioned in the bill, denying this title altogether. The remaining three assignments charge error in the granting of the injunction, in appointing the receiver, in refusing to dissolve the injunction, in not delivering the timber to the defendants, in taking it out of their possession, and in putting it into the hands of the receiver.

At the threshold we are met by a motion to dismiss the appeal, upon the ground that this case is one which involves the construction of the constitution of the United States, and in which the constitution or law of a state is claimed to be in contravention of the constitution of the United States. There can be no doubt that when the only question in the case, or when the controlling question in the case, involves the construction or the application of the constitution of the United States, then the supreme court has exclusive appellate jurisdiction, and an appeal will not lie to the circuit court of appeals. And if, besides these, there are other questions (not controlling questions, however), the supreme court, by virtue of its jurisdiction over the controlling question, will

take jurisdiction of, and will decide, the whole case. Horner v. U. S., 143 U. S., at page 576, 12 Sup. Ct. 522. There is also no doubt that no appeal from the granting or the refusal of an injunction can be carried to the circuit court of appeals, except in a cause "in which an appeal may be taken from a final decree to the circuit court of appeals." 26 Stat. 826. The cases which can go only to the supreme court are those in which the construction or application of the constitution is the controlling question; that is to say, in which no proper conclusion can be reached without deciding it. Carey v. Railway Co., 150 U. S. 170, 14 Sup. Ct. 63. The case at bar is not such a case. The court below might well hold, admitting, for the sake of argument, that the provision of the constitution and laws of West Virginia could not work a forfeiture of the lands of complainant simply for nonpayment of taxes, or from failure to put them on the tax list for five years. But it may also be held that the long, continuous, notorious, adverse possession of the defendants, and of those under whom they claim, has secured for them an impregnable title. Such a conclusion would be decisive, and yet would not involve or in any way require the construction or application of the constitution of the United States. This motion is dismissed.

If the questions presented in this appeal came before this court on their merits, there would be strong reasons to sustain the appeal. The complainant stands upon a grant for half a million of acres, covering lands in three states, over 100 years old, under which no possession or use has been shown. He is met by affidavits which tend to show that these defendants have been and are in actual possession and use for very many years, some of them holding lands on which they and their immediate ancestors have been born and bred. It is a very grave exercise of power to extend the strong arm of this court, invade this long uninterrupted possession, take control of the land, and forbid the use of the property by those in possession. But, be this as it may, the case does not come up in this way. The defendants were enjoined by the order of the circuit court from doing the very thing they are now charged with doing, after the knowledge of and in despite of the injunction. This injunction was dissolved by the action of the court which granted it. The complainant, exercising an unquestionable right, appealed from the decree dissolving the injunction, and suspended its operation by giving a supersedeas bond.

The question we are called upon to decide is, did the supersedeas bond restore vitality to the injunction which the circuit court dissolved? A "supersedeas," properly so called, is a suspension of the power of the court below to issue an execution on the judgment or decree appealed from, or, if an execution has been issued, it prohibits further proceedings under it. Hovey v. McDonald, 109 U. S. 159, 3 Sup. Ct. 136. When an injunction has been dissolved, it cannot be revived except by a new exercise of judicial power, and no appeal by the dissatisfied party can revive it. Knox Co. v. Harshman, 132 U. S., at pages 16, 17, 10 Sup. Ct. 8. And this lan-

guage is broad enough to include an appeal with a supersedeas. In Hovey v. McDonald, supra, the distinction is stated:

"The truth is that the case is not governed by the ordinary rules that relate to supersedeas of execution, but by those principles and rules which relate to chancery proceedings exclusively. * * * In this country the matter is usually regulated by statutes or rules of court, and generally an appeal, upon giving the security required by law (when security is required), suspends further proceedings, and operates as a supersedeas of execution. * * * But the decree itself, without further proceedings, may have an intrinsic effect, which can only be suspended by an affirmative order, either by the court which makes the decree or by the appellate tribunal. This, court, in the Slaughter-House Cases, 10 Wall. 273, decided that an appeal from a decree granting, refusing, or dissolving an injunction does not disturb its operative effect. Mr. Justice Clifford, delivering the opinion of the court, says: 'It is quite certain that neither an injunction nor a decree dissolving an injunction passed in a circuit court is reversed or nullified by an appeal or writ of error before the cause is heard in this court.' It was decided that neither a decree for an injunction, nor a decree dissolving an injunction, was suspended in its effect by the writ of error, although all the requisites for a supersedeas were complied with. It was not decided that the court below had no power, if the purposes of justice required it, to order a continuance of the status quo until a decision should be made by the appellate court, or until that court should order the contrary. This power undoubtedly exists, and should always be exercised when any irremediable injury may result from the effect of the decree as rendered."

But this, it is added, is wholly discretionary; and the exercise of the power is not an appealable matter. This case is affirmed in Knox Co. v. Harshman, 132 U. S. 16, 10 Sup. Ct. 8. Equity rule 93 was passed in accordance with this principle.

It is not necessary to inquire how far the proviso to the act of 18th February, 1895 (2 Supp. Rev. St. p. 376), modifies this doctrine; for, in the case of King v. McDonald, the court below, permitting an appeal with a supersedeas bond, in terms suspends the decree below: "That a transcript of the record of said cause be transmitted to said court of appeals, and that, pending such appeal, the said decree of June 18, 1896, so far as the same dissolves said injunction, be wholly superseded and suspended." Record in King v. McDonald (case 190 in this court) 26 C. C. A. 685, 80 Fed. 1006. This being the case, the cause was heard in this court, the supersedeas being in full operation. Our decision sustained the decree below dissolving the injunction; and ordinarily this would have put an end to the supersedeas; but, before the mandate could go to the court below, a writ of certiorari from the supreme court was issued to this court, directing that the record be removed. So, the decree of the circuit court of appeals has not gone into effect. "A writ of certiorari, when its object is not to remove a case before trial, or to supply defects in a record, but to bring up after judgment the proceedings of an inferior court or tribunal whose procedure is not according to the course of the common law, is in the nature of a writ of error." Harris v. Barber, 129 U. S. 369, 9 Sup. Ct. 314. The whole case goes up on the certiorari. Panama R. Co. v. Napier Shipping Co., 166 U. S. 280, 17 Sup. Ct. 572. So, the case has gone into the supreme court, just as it came into this court, with an order of the court below suspending the de-

cree dissolving the injunction. This being the case, we are not called upon to determine whether, upon the allegation of title in the bill, and the assertion of paramount title in the answers, a case is made justifying a restraining order. But the real question is whether, in doing the acts complained of in the present bill, the defendants were or were not violating an existing order of injunction of the circuit court. This is the ground upon which the court below granted the restraining order, and it is not alluded to in any of the assignments of error. They allege error upon issues which are properly triable in the action of ejectment. Whatever may be the merits of the points made by the defendants, and however strong their title, they cannot be justified in asserting their rights in the face of an order of injunction of the court.

Reviewing the record as it appears here, the court below should have required, from the receiver, bond with surety for the proper discharge of his duties as such receiver, and also the court should have required an injunction bond from complainant. It is ordered and decreed that the appeal be dismissed. It is further ordered that the cause be remanded to the circuit court, with instructions to require the receiver to enter into bond, with surety, to be approved by any judge of the circuit court, in a penal sum double the value of the property in his hands as receiver, and with a condition for the faithful performance of his trust; and also that the complainant be required to enter into an injunction bond, with like surety, to be in like manner approved, in the penal sum of $10,000; this security to be furnished and approved within 30 days after the mandate of this court is filed in the court below. Upon failure to comply with this order, the injunction will be dissolved.