## NEW RIVER MINERAL CO. v. SEELEY.

(Circuit Court, W. D. Virginia. September 22, 1902.)

1. APPEAL—SUPERSEDEAS—ORDER—CONSTRUCTION.
   Where an order granted an appeal from an order dissolving an injunction, and recited that supersedeas was granted to the order appealed from on the plaintiff entering into a bond with approved security, etc., on such bond having been duly given the supersedeas continued the injunction in force during appeal.

J. F. Bullitt and A. A. Campbell, for Seeley.
M. M. Caldwell and John C. Blair, for New River Mineral Company.

McDOWELL, District Judge. In May, 1898, George M. Seeley, on the law side of the United States circuit court for this district, recovered a judgment for $12,069.37, with interest and costs, against the New River Mineral Company. In June, 1900, the company filed its bill on the equity side of said court, praying that Seeley be restrained from collecting said judgment; and on the same day a temporary injunction was granted. On May 28, 1902, on final hearing, a decree was entered dissolving the injunction, dismissing the bill, awarding Seeley his costs, and providing further: "This decree shall not take effect until June 30th, 1902." It may be here stated that in adding this last clause my purpose was to prevent a dissolution of the injunction during the period that would probably elapse while counsel for the company were consulting their client as to the advisability of taking an appeal, and in the preparation of the petition for appeal and assignment of errors. On June 21, 1902, a petition for appeal and assignment of errors were presented to me, and on that date I signed the following order:

"And now, to wit, on the 21st day of June, 1902, it is ordered that the appeal be allowed as prayed for in the above petition, and a supersedeas is granted to the order of this court entered on the 28th day of May, 1902, upon the New River Mineral Company, or some one for it, entering into bond, with security to be approved by one of the judges of this court, in the penalty of $500, conditioned according to law. But this order is not to take effect until citation has been signed and the said bond has been approved."

The citation was signed and the bond was approved July 3, 1902. The condition of the bond is that the appellant "do prosecute said appeal to effect, and answer of damages and costs if it fail to make said appeal good."

¶ 1. See Appeal and Error, vol. 2, Cent. Dig. §§ 2207, 2253, 2277, 2778.

On August 30, 1902, after the transcript of the record had been made, counsel for Seeley requested of the clerk of this court that he issue execution on the judgment at law. The clerk, being in doubt as to what he should do, has applied to me for instructions. Having had the benefit of the views of counsel for Seeley, and being of opinion that the execution should not be issued, it is perhaps proper for me to so advise the clerk, without requiring the question to be more formally presented. In addition to advising the clerk not to issue the writ, I reduce to writing my reasons therefor, as they may, if accepted as sound, prevent unnecessary and expensive litigation pending the settlement of the case by the appellate court.

In the ordinary chancery cause, not involving action as to an injunction, an appeal, if the supersedeas bond be given in due time, operates as a supersedeas. Kitchen v. Randolph, 93 U. S. 86, 23 L. Ed. 810; Town of Danville v. Brown, 128 U. S. 503, 9 Sup. Ct. 149, 32 L. Ed. 507; Rev. St. §§ 1000, 1007, 1012; 2 Fost. Fed. Prac. (3d Ed.) p. 1239 et seq., § 510. Where the decree appealed from, however, grants, or continues in force, or dissolves, an injunction, the rule is different. In such cases the mere granting of an appeal, although the bond given is in the form of a supersedeas bond, does not nullify or set aside the decree appealed from. For instance, if the decree dissolved an injunction, a mere order allowing an appeal therefrom (even though a supersedeas bond be given in due time) does not continue the injunction in force. 2 Fost. Fed. Prac. (3d Ed.) p. 1214, § 510; Slaughter House Cases, 10 Wall. 273, 19 L. Ed. 915; Hovey v. McDonald, 109 U. S. 150, 3 Sup. Ct. 136, 27 L. Ed. 888; Knox Co. v. Harshman, 132 U. S. 14, 10 Sup. Ct. 8, 33 L. Ed. 249; Land Co. v. Leonard (C. C.) 24 Fed. 658; Leonard v. Land Co., 115 U. S. 465, 6 Sup. Ct. 127, 29 L. Ed. 445; Interstate Commerce Commission v. Louisville & N. R. Co. (C. C.) 101 Fed. 146. But in such cases it is permissible for the court or judge granting the appeal to provide that the injunction shall continue in force pending the appeal. In the case at bar the contention of counsel for Seeley is that the order allowing the appeal does not distinctly and unequivocally keep in force the injunction pending the appeal. In this I cannot agree with them. The order not only grants an appeal, but "a supersedeas is granted to the order" which dissolved the injunction. To supersede is to set aside, to annul. An order which sets aside or annuls a decree dissolving an injunction must ipso facto reinstate the injunction. In Staffords v. King, 32 C. C. A. 536, 90 Fed. 136, the circuit court of appeals of this circuit held that an order granting an appeal from a decree dissolving an injunction left the injunction in force, where the order granting the appeal read: "* * * Pending such appeal, the said decree of June 18, 1896, so far as the same dissolves said injunction, be wholly superseded and suspended." The language here quoted does not seem to me to differ from the language used in the order in the case at bar in any essential particular. The latter is lacking in elegance, but it can mean nothing else than that the order of May 25th is superseded and set aside, pending the appeal.