IN THE MATTER OF THE APPLICATION OF ALFRED
    W. CARTER, GUARDIAN OF THE PROPERTY OF
    ANNIE T. K. PARKER, A MINOR, FOR A WRIT
    OF PROHIBITION AGAINST THE HONORABLE
    GEORGE D. GEAR, SECOND JUDGE OF THE CIR-
    CUIT COURT OF THE FIRST CIRCUIT, AT CHAM-
    BERS, AND JOHN S. LOW, NEXT FRIEND OF
    ANNIE T. K. PARKER, A MINOR.

MOTION FOR ORDER TO SHOW CAUSE.

ARGUED NOVEMBER 15, 1904.    DECIDED NOVEMBER 30, 1904.

FREAR, C.J., HATCH, J., AND CIRCUIT JUDGE DE BOLT, IN
        PLACE OF HARTWELL, J.

PROHIBITION—*supersedeas.*

> A preliminary order of prohibition expires when the court after
> hearing makes a final order disallowing the writ of prohibition
> prayed for. The preliminary order cannot be revived, in the
> absence of a new exercise of judicial power, by a superedeas
> allowed on the suing out of a writ of error.

OPINION OF THE COURT BY HATCH, J.

This is an application for an order to the Honorable George
D. Gear, second judge of the circuit court of the first circuit,
and J. S. Low, next friend of Annie T. K. Parker, a minor, to
show cause why they should not be adjudged guilty of contempt
of this court for disregard of a preliminary writ of prohibition
heretofore issued on the application of Alfred W. Carter, guar-
dian. On September 7, 1904, Alfred W. Carter, as guardian,

applied for and obtained from the chief justice of this court a preliminary writ of prohibition restraining said circuit judge from proceeding on a motion pending before him made by said J. S. Low, next friend of Annie T. K. Parker, a minor, for the removal of said Alfred W. Carter as guardian until the further order of this court. On November 7, 1904, this court rendered its decision, dissolving the temporary writ of prohibition and denying the application for a permanent writ. On November 8, 1904, the petitioner obtained a writ of error to the Supreme Court of the United States, the order granting it stating that it was to operate as a supersedeas. A bond was filed and the papers connected with the writ of error perfected on the same day. The motion for the order to show cause sets out that said circuit judge is about to proceed with the trial of the application for the removal of said A. W. Carter as guardian on its merits, notwithstanding the writ of error and supersedeas.

It is contended by the petitioner that the suing out of the writ of error and the order allowing the same containing the words of supersedeas resulted in suspending the judgment of this court disallowing the writ of prohibition prayed for, and has revived the preliminary order of prohibition granted on the filing of the original application. The petitioner seeks to establish a distinction between law and equity in the operation of a supersedeas on any restraining process which had been issued prior to the allowance of an appeal or writ of error; it being contended that a supersedeas revives a restraining process issued at law, such as a writ of prohibition; but that it does not so operate in equity upon an injunction upon an appeal being taken, is conceded. We do not find that this dictinction can be maintained. The conclusion to be drawn from the cases is rather that the difference in effect of operation of a supersedeas depends upon the nature of the judgment or decree appealed from. A supersedeas always operates as a stay of execution and suspends the enforcement of a judgment or decree by execution or other process. But the judgment or decree appealed from may itself have an intrinsic effect which can only be suspended

by an affirmative order, either of the court which makes the decree, or of the appellate tribunal. *Hovey v. McDonald,* 109 U. S. 161. Supersedeas is entirely a matter of statute or rule of court. In our view it has the same effect at law and in equity. The same statute applies. Section 1007 of the Revised Statutes applies equally to proceedings in equity as at law. It is said in the *Slaughterhouse cases* (10 Wall. 296), "Different rules upon the subject prevail in different jurisdictions; but the act of Congress provides that appeals in the Federal courts shall be subject to the same rules, regulations and restrictions as are prescribed in law in case of writs of error." The same reasoning also applies in both cases. The supreme court in *Knox Co. v. Harshman,* 132 U. S. 16, says: "The general rule is well settled that an appeal from a decree granting, refusing or dissolving an injunction does not disturb its operative effect. When an injunction has been dissolved it cannot be revived except by a new exercise of judicial power, and no appeal by the dissatisfied party can of itself revive it. A fortiori the mere prosecution of an appeal cannot operate as an injunction when none has been granted." This certainly is as applicable to the case of a writ of prohibition as to an injunction. In *Hovey v. McDonald,* on page 161, it is said: "It was decided that neither a decree for an injunction nor a decree dissolving an injunction was suspended in its effect by the writ of error, though all the requisites for a supersedeas were complied with." The law is expressly so held in *Gibbs v. Board of Aldermen of Louisville,* 26 S. W. 186, which was a prohibition case. In that case a preliminary order of prohibition had been allowed, and upon hearing the writ prayed for was denied. An appeal was taken and a supersedeas granted in the ordinary form. The court says: "The writ of prohibition is the order from the superior to the inferior court of limited jurisdiction, prohibiting the latter from acting in a matter out of its jurisdiction; and by Section 475 of the Code the granting or the refusal of the writ is the final order, and when the final order is entered, the temporary prohibitive order is no longer in force in this or any other court, and the

final order being a denial of the writ, the supersedeas affects only the question of costs. The prohibitive order was only intended to protect the litigant until the court could determine whether or not he was entitled to the writ of prohibition; and the court having denied the writ, the effect of a mere preventive order cannot be revived by a supersedeas so as to make the writ of prohibition effective during the pendency of the appeal."

The supersedeas contained in the order allowing the writ of error operates to no greater extent than the supersedeas allowed by the statute. The order asked for does not in terms go any further than the statute would go by its own force and effect, the application being made within the time limited. It operates only upon the proceedings on the application for the writ of prohibition. That is a proceeding by itself. It is distinct from the proceedings in "The amended motion and petition of Annie Thelma K. Parker by her next friend J. S. Low to remove Alfred W. Carter as guardian," in respect to which it was attempted to obtain a suspension of proceedings through the writ of prohibition. To give the supersedeas any effect in regard to the matter last named it should have contained language expressly extending and applying it to such matter. A new restraining order should have been prayed for and obtained in terms applying to such other suit. The form of such an order is set out in 2 Loveland's Forms of Federal Practice, No. 1377 C. All that was asked for and granted in the present case was that the writ of error should operate as a supersedeas. The language of the order is: "It is ordered that a writ of error be and is hereby allowed to this court from the Supreme Court of the United States, the writ of error to operate as a supersedeas, and that the bond for that purpose presented by said petitioner in the sum of one thousand dollars be and the same is hereby approved." This was insufficient to give the order any effect in any proceeding other than the application for the writ of prohibition. That was a matter pending in this court. The proceeding for the removal of Carter as guardian was pending in another court. As was said in *Knox Co. v.*

*Harshman, supra,* p. 17, "The supersedure of process on the decree dismissing the bill could not supersede process on the judgment at law, and this is so notwithstanding a bill to impeach a judgment is regarded as an auxiliary or dependent and not as an original bill."

As a further reason why the preliminary order in the prohibition proceeding cannot be held to be now in effect, it will be noted that it was by its terms to remain in force only until the further order of the supreme court. When the court acted, as it did in rendering its decision denying the writ prayed for, the preliminary order became *functus officio.* It could not be revived by anything short of a new judicial order.

As the threatened action of the circuit judge would not constitute a violation or disregard of the preliminary writ of prohibition, or of the supersedeas, the order to show cause is denied.

*Kinney, McClanahan & Cooper, Ballou & Marx* and *Robertson & Wilder* for petitioner.

*J. Alfred Magoon* and *J. Lightfoot* for respondent.