## HOWARD v. LINDEBERG.

(Second Division. Nome. December 7, 1904.)

No. 1,147.

INJUNCTION—BONDS—BREACH.

> The condition of an injunction bond is broken by a dissolution of the injunction. The right of action accrues at once. The right is not stayed by an appeal from the final judgment.

> [Ed. Note.—For cases in point, see vol. 27, Cent. Dig. Injunction, §§ 533–535; vol. 2, Cent. Dig. Appeal and Error, §§ 2277, 2278.]

W. H. Packwood, for plaintiff.
Ira D. Orton, for defendant.

MOORE, District Judge. This is an action upon an injunction bond, and the plaintiffs in the action demur to the answer, alleging that it does not state a good cause of defense in law.

The bond was given by the defendants in a suit in equity upon the granting of a restraining order by this court at the institution of the suit. The plaintiffs in the equity suit are the principal obligors on the bond, and with their sureties are the defendants in this action, and the defendants in that suit are the plaintiffs in this action. The plaintiffs in the equity suit are named in the bill as a partnership, called the "Moonlight Springs Water Company." The bond was conditioned for the payment of all costs and disbursements to be decreed to the plaintiffs in the suit, their agents, servants, and employés, and such damages, not to exceed $2,500, as the plaintiffs therein, or any of them, should or might sustain by reason of the said

injunction, if the same should be wrongful or without sufficient cause.

The complaint in this action recites the bond, and alleges a breach of the condition resultant upon the order of this court, made after the hearing, by which the restraining order was dissolved; it also recites the grounds for special damages.

The defense set up in the answer of the defendants when condensed amounts to an assertion denying that the right of action upon the bond has accrued, or that if a right of action ever did accrue thereon it was taken away by the defendants' appeal from the order of this court dissolving the injunction. I cannot think either proposition sound in law. "The condition of an injunction bond is broken by a dissolution of the injunction." High on Injunctions (1st Ed.) § 951; Stone v. Cason, 1 Or. 100. So, also, in High on Injunctions, § 956, the same doctrine in amplified form is announced by that author upon the sanction of authorities by him cited when he says:

"Upon the dissolution of an injunction and failure on the part of the obligors to comply with the conditions of the bond, a right of action at once accrues."

To this enunciation of the law I may add that, when a right of action once accrues, it continues until barred by the statute of limitations, or by such change of circumstances as will sweep away or satisfy the cause of action. Now it cannot be successfully maintained that the appeal by the defendants from the order in the equity suit dissolving the injunction ever took away or destroyed the cause of action. The pleadings in the action show that before the commencement of the action, not only did the court dissolve the restraining order or preliminary injunction, but that the cause thereafter was fully tried, and a decree dismissing the action was entered by the court. This was a final decree in the action, and if damaged

the plaintiffs were not required to await the event of the appeal before bringing this action.

If any doubt should remain as to whether the plaintiffs' right to bring their action in the present case was ripe, these cases may be cited: Clark v. Clayton, 61 Cal. 634; Dougherty v. Dore, 63 Cal. 170. In the former case the court says:

"An action on the undertaking cannot be maintained until the suit in which the injunction issued is disposed of by a final decree or judgment."

This language plainly implies that when a final decree in the case is made the right of action then, if not before, matures. This being the law applicable to the facts as the court apprehends it, the defenses set up in the answer cannot avail the defendants upon the trial of the action, and it follows that the demurrer should and will be sustained.