ELLIOTT et al. v. KUZEK et al.

(Second Division. Nome. December 2, 1905.)

No. 1,319.

1. PLEADING—PLEA IN ABATMENT—DETERMINATION OF ISSUE.

Answers in the nature of pleas in abatement are dilatory, and create issues which cannot properly be tried with issues on the merits. Issues on dilatory pleas should always be disposed of before issues on the merits are made, for in some cases the determination of such dilatory issues may change the issues on the merits. The proper construction of the statute (section 64, Civil Code of Procedure of Alaska) is that the nominal or technical form of pleading shall be by answer, while those defenses shall only be joined which will create issues that may be properly tried together, and that answers in the nature of pleas in abatement should now, as formerly, be pleaded and determined before the answer to the merits is interposed.

[Ed. Note.—For cases in point, see vol. 39, Cent. Dig. Pleading, § 234½.]

2. APPEAL—SUPERSEDEAS—EFFECT ON INJUNCTION.

On trial on the merits, judgment of dismissal was entered. An injunction pendente lite was thereby dissolved. Plaintiff appealed and gave supersedeas bond. The defendants brought suit on the injunction bond, and a plea in abatement was tendered in the answer setting up the judgment, the appeal, and the giving of the supersedeas bond. On demurrer to the plea it was *held*, that an appeal and supersedeas bond do not operate to abate a suit on an injunction bond, or to destroy the right upon which it is founded, and the demurrer to the plea was sustained.

[Ed. Note.—For cases in point, see vol. 2, Cent. Dig. Appeal and Error, §§ 2277, 2278; vol. 27, Cent. Dig. Injunction, §§ 533, 535.]

Motion to strike the answering plea of abatement. The grounds are: First, that said paragraphs together constitute a plea in abatement, and set forth an inconsistent defense with the plea to the merits previously therein pleaded; second, that the said paragraphs, as a whole, are sham, irrelevant, and frivolous. The first ground need only now be considered.

The action is upon an injunction bond, and is to recover damages, not exceeding the penalty of the bond, for the wrongful issuing of an injunction by said Stanley Kuzek, one of the defendants herein, in a former action in this court wherein said Stanley Kuzek was the plaintiff and said Wm. Elliott and Charles F. McGaha were the defendants.

The paragraphs of the answer in the present case moved against are by way of a separate answer and defense to the action, which was begun May 28, 1904. A trial having been had thereof in the following July, it resulted in a decree for the defendants Elliott and McGaha, who are the plaintiffs herein. By the decree the injunction pendente lite theretofore issued in the case was dissolved. Now the defendants set forth the proceedings in that action, and further allege that this court allowed an appeal to the United States Circuit Court of Appeals for the Ninth Circuit; and, a supersedeas bond in the sum of $2,500 having been filed in this court, the condition whereof is that the obligors are to pay all damages, among other things, resulting from the taking of the appeal and staying further proceedings in the action, that the appeal has been duly prosecuted according to law, and is now pending in said appellate court, and that by reason of said recited facts the plaintiffs' cause of action alleged in their complaint in this action has not yet accrued. This affirmative defense is pleaded after an answer to the merits, and in one and the same pleading, and is, in legal effect, a plea in abatement of the action.

W. A. Gilmore and Ira D. Orton, for plaintiffs.
O. D. Cochran, for defendants.

MOORE, District Judge. Section 64 of the Civil Code of Procedure for Alaska provides that "the defendant may set forth by answer as many defenses [and counterclaims] as he may have." This section of the statute, being in totidem verbis with the Oregon statute, has received judicial construction by

the Supreme Court of Oregon in Hopwood v. Patterson, 2 Or. 50. The court in that case says:

"Answers in the nature of pleas in abatement are dilatory, and create issues which cannot properly be tried with issues on the merits. Issues on dilatory pleas should always be disposed of before issues on the merits are made, for in some cases the determination of such dilatory issues may change the issues on the merits. A practice that would allow answers in the nature of a plea in abatement to be joined with answers to the merits would be very inconvenient, and lead to much confusion in judicial proceedings, and * * * the proper construction of the statute is that the nominal or technical form of pleading shall be by answer, while those defenses shall only be joined which will create issues that may be properly tried together; and that answers in the nature of pleas in abatement should now, as formerly, be pleaded and determined before the answer to the merits is interposed."

The construction given by the Oregon court has been followed in that state ever since, as I gather from an examination of the digest of decisions of its Supreme Court. The rule of practice laid down in Hopwood v. Patterson has been expressly recognized in two decisions subsequent to Hopwood v. Patterson, namely, Oregon Central R. R. Co. v. Wait, 3 Or. 95, and Derkeny v. Belfils, 4 Or. 259; and in U. S. Mortg. Co. v. McClure, 42 Or. 191, 70 Pac. 543, the rule, having been followed, was at the date of the delivery of the opinion in that case (November 10, 1902), in vogue, and was not disapproved by the court.

To preserve harmony in the procedure it would seem that it is only necessary to first plead the matter in abatement, and to have such pleading disposed of before the answer to the merits, which may be filed later. Hopwood v. Patterson, supra. The ruling of the Oregon Supreme Court appearing to be founded upon principles of reason, justice, and convenience, the motion to strike is now sustained, and the two defenses in defendants' answer may be pleaded separately, in conformity with the views of this court, following the rule adopted by that court.

On Demurrer. .

The plaintiffs in the present action claim to recover damages for the issuing of said injunction wrongfully and without sufficient cause. The defendants, Kuzek and his sureties, Louis Vigelius and J. L. Bates, in their amended answer recite the proceedings in the equity suit from the complaint to final judgment therein dissolving the injunction, and further plead, by way of abatement of the present action; that an appeal to the Circuit Court of Appeals for the Ninth Circuit was allowed by this court from the final decree in said case, and an order made superseding all further proceedings in said action. They further allege that a supersedeas bond in the penalty of $2,500 was filed in this court by the appellants and duly approved by the court, and that thereby all proceedings upon said judgment were thereby superseded and stayed, and hence that no cause of action has accrued pending the appeal, which is now perfected and has been duly prosecuted.

The plaintiffs demur to defendants' answer to the amended complaint upon the ground that the answer filed by way of a plea in abatement does not state facts sufficient to constitute a defense to the complaint or an abatement of the plaintiffs' action.

The defendants, as authority for the proposition that the effect of the appeal and supersedeas bond is to abate the action, cite the case of Musgrave v Sherwood, 76 N. Y. 196. In that case the lower court denied a motion to assess damages by reason of two preliminary injunctions, and the Court of Appeals affirmed the judgment of the lower court. This decision, it seems, has been followed in at least two instances by the same Court of Appeals in Howard v. Park, 59 How. Prac. 344, and in Johnson v. Ellwood, 82 N. Y. 366.

The decision in this case rests upon the doctrine that, the plaintiff having appealed from the order of injunction, it cannot be claimed that there has been a final determination of

the cause. The Supreme Court of the United States takes the view opposite to that of the New York court cited.

"The general rule is well settled that an appeal from a decree granting, refusing, or dissolving an injunction does not disturb its operative effect." Hovey v. McDonald, 109 U. S. 150, 3 Sup. Ct. 136, 27 L. Ed. 888; Slaughter House Cases, 10 Wall. 273, 297, 19 L. Ed. 915; Leonard v. Ozark Land Co., 115 U. S. 465, 468, 6 Sup. Ct. 127, 29 L. Ed. 445. In consonance with this rule, the same court has more recently further declared that "when an injunction has been dissolved, it cannot be revived except by a new exercise of judicial power, and no appeal by the dissatisfied party can, of itself, revive it." Knox County v. Harshman, 132 U. S. 16, 17, 10 Sup. Ct. 8, 33 L. Ed. 249; Staffords v. King, 90 Fed. 141, 32 C. C. A. 536. It is within the power of the court granting the injunction or of the appellate court to continue an injunction by an order to that effect, but without such order the injunction is not revived and perpetuated. Hovey v. McDonald, 109 U. S. 160, 3 Sup. Ct. 136, 27 L. Ed. 888.

In the case of Howard v. Lindeberg (decided by this court on December 7, 1904) 2 Alaska, 301, it was held that, upon the dissolution of an injunction and failure on the part of the obligors to comply with the conditions of the bond, a right of action at once accrues. It was further declared that, when a right of action once accrues, it continues until barred by the statute of limitations, or by such change of circumstances as will sweep away or satisfy the cause of action.

In Howard v. Lindeberg, 2 Alaska, 301, the facts pleaded in the answer were essentially identical with the facts constituting the defense set up in the case at hand, and upon demurrer the court decided the same insufficient to raise a valid defense to that action; and now, by the cumulative force of the authorities cited in that case and of the additional federal authorities cited and relied upon in this opinion, I am borne to the

conclusion that the appeal and supersedeas bond in this case do not operate to abate the action or to destroy the right upon which it is founded. Hence the demurrer must be, and it is now, sustained.