## LEONARD *v.* OZARK LAND COMPANY.

### LEONARD *v.* CHATFIELD, Trustee.

ORIGINAL MOTIONS MADE IN CASES PENDING IN THIS COURT ON APPEAL FROM THE CIRCUIT COURT OF THE UNITED STATES FOR THE EASTERN DISTRICT OF ARKANSAS.

Submitted November 16, 1885.—Decided November 23, 1885.

It is settled in this court that injunctions ordered by final decree in equity in the courts below are not vacated by appeal.

The judge in the court below who heard the case is empowered by Equity Rule 93, when allowing an appeal from a final decree granting or dissolving an injunction, to suspend or modify the injunction pending appeal, and upon such terms as may be considered proper.

This was a motion for a modification of the supersedeas, or more properly, perhaps, for a modification of the injunction contained in the decree appealed from. The bill prayed, among other things, for an injunction restraining "the defendant, Leonard, from cutting or removing any trees, logs or timber, or any staves manufactured from any trees or timber, from any of the lands" in controversy. In the decree the defendants were "perpetually enjoined from cutting or removing any timber from said lands." The appeal operated as a supersedeas, it having been taken within sixty days after the disposition of the motion, which was made during the same term, to vacate the decree, and the bond being in the form required for that purpose. The decree was rendered by the judge of the District Court of Arkansas, sitting as circuit judge. The same judge allowed the appeal, and, in doing so, directed that it should "not operate to suspend or affect so much of the decree . . . as enjoins the defendants from cutting or otherwise trespassing on the lands in controversy, . . . or removing staves or timber cut thereon." The appellant moves this court "to vacate so much of the decree of the court below granting an appeal and accepting appeal bond as qualifies the said appeal and prevents the same from superseding the decree

rendered for the appellees, and especially so much of the said decree granting said appeal as prevents said appellant, J. W. Leonard, from removing the staves made on the land in controversy before service or entry of the decree in favor of the appellees."

*Mr. T. W. Brown* for the motion.—I. Does the appeal in these causes operate as a suspension of the entire decree?

" The supersedeas attaches to so much of the final sentence as determines the ultimate rights of the party." *Bryan* v. *Bates*, 12 Allen, 213 ; *Nauer* v. *Thomas*, 13 Allen, 574 ; *Fleming* v. *Clark*, 12 Allen, 191, cited by the successful counsel in the *Slaughter-House Cases*, 10 Wall. 273, 283–4, and recognized by this court. The bills in the cases now under consideration on the motion were filed to remove clouds from the alleged titles of the complainants in the bills. This was the only relief sought by final decree. The bill prayed for the issuance of " a writ of injunction." But this, by the very terms of the pleading, was a preliminary injunction, to stop *pendente lite* the " cutting of trees and the removing " of " trees, logs or timber or staves." It was no part of the final relief specifically prayed for. This court decided against the motion for restoration of injunction in the *Slaughter-House Cases* on the ground that the record showed that the *status quo* existing " just prior to " the final decree of the court from which the appeal was taken had been preserved, and that the court from which appeal had been taken had done nothing since appeal to execute its decree. What the appellant asks is just this and nothing more. The *status quo* " just prior to the passing of the final decree " was without injunction or restraint on the appellant in the use of the lands in controversy. The injunction or restraint comes alone with the final decree originating with it. The complainants, seeking decree against appellant, looked to this very use to relieve them of the necessity of paying him the tax liens which he had removed from the lands.

The judge below seemed to think that the case of *Hovey* v. *McDonald*, 109 U. S. 150, which is cited by him in his opinion

justifying his decree as to the operation of the supersedeas, supports him and reaffirms the *Slaughter-House Cases.* It is respectfully submitted that this last case is not in the line of the *Slaughter-House Cases.* It rested on certain peculiarities of judicial administration of the courts in the District of Columbia, from one of which this appeal was taken. The injunction was preliminary in that case, and was to only continue until further order of the court. It was an injunction obtained as auxiliary to preserve a fund until certain rights could be determined. By the terms of the order granting the injunction it could not be extended beyond the discretion of the court granting it.

It is therefore respectfully submitted that the injunctive part of the decree in these cases is reached by the appeal, and as much superseded as any other part of the decree, and the order of the Circuit Court attempting to except this feature of the decree from the operation of the appeal is most irregular and oppressive. Of course it is to be understood from the context, that the " removing any timber " in the final decree is connected with the " cutting," and refers only to the timber cut after the decree.

II. If, however, the legal effect of the appeal is not a supersedure of the injunctive part of the decree, yet appellant may still ask of this court such an order as to the decree pending the appeal as will relieve the appellant of unnecessary hardship, and will secure the rights of appellees. This power will hardly be denied to this court, especially when the application is for " such measures as may be necessary to preserve the condition of things which existed just prior to the passing of the final decree." This much was conceded by the very able counsel who resisted the motion in the *Slaughter-House Cases* and recognized by this court. The application of appellant does not extend farther. Rule 93 cannot limit the power of this court in the exercise of the discretion invoked by this motion.

*Mr. John B. Jones* opposing.

Mr. Chief Justice Waite delivered the opinion of the court. After stating the facts in the language above reported, he continued :

The injunction ordered by the final decree was not vacated by the appeal. *Slaughter-House Cases*, 10 Wall. 273, 297; *Hovey* v. *McDonald*, 109 U. S. 150, 161. It is true that in some of the Slaughter-House Cases the appeal was from a decree making perpetual a preliminary injunction which had been granted at an earlier stage of the case, but the fact of the preliminary injunction had nothing to do with the decision, which was " that neither an injunction nor a decree dissolving an injunction is reversed or nullified by an appeal or writ of error before the cause is heard in this court." This doctrine, in the general language here stated, was distinctly reaffirmed in *Hovey* v. *McDonald*, and it clearly refers to the injunction contained in the decree appealed from, without reference to whether that injunction was in perpetuation of a former order to the same effect, or was then for the first time granted. The injunction, therefore, which was granted by the final decree in this case, is in full force, notwithstanding the appeal.

Construing the injunction as granted in connection with the averments in the bill, the prayer for relief, and the findings in the decree, we think it restrains the appellees from removing the staves manufactured from timber cut on the land, as well as the timber in its unmanufactured state, and the order made by the judge when he allowed the appeal is in reality nothing more than notice to the appellant that such was the effect of his decree. It was not, and was not intended to be, an enlargement of the original scope of the injunction, but, under the circumstances, a justifiable precaution against a possible misunderstanding by the appellant of the extent and effect of the decree appealed from.

This court no doubt has the power to modify an injunction granted by a decree below in advance of a final hearing of an appeal on its merits. An application to that effect was made to us at the October Term, 1878, in the case of the *Sandusky Tool Co.* v. *Comstock* [not reported], and finding that such a practice, if permitted, would oftentimes involve an examination of the whole case, and necessarily take much time, we promulgated the present Equity Rule 93, which is as follows:

"When an appeal from a final decree in an equity suit,

granting or dissolving an injunction, is allowed by a justice or judge who took part in the decision of the cause, he may, in his discretion, at the time of such allowance, make an order suspending or modifying an injunction during the pendency of the appeal, upon such terms as to bond or otherwise, as he may consider proper for the security of the rights of the opposite party."

Here the judge who heard the case allowed the appeal, and instead of suspending or modifying the injunction, he took occasion to give special notice that it was to continue in force, and if the facts are correctly stated in his opinion, it was quite proper he should do so.                    *The motion is denied.*