AMERICAN STRAWBOARD CO. v. INDIANAPOLIS WATER CO.

(Circuit Court of Appeals, Seventh Circuit. February 9, 1894.)

APPEAL—INJUNCTION—SUPERSEDEAS.

In general a circuit court of appeals will not, pending an appeal, suspend an injunction, previous to the hearing on the merits, after the trial judge has refused to grant a supersedeas.

Appeal from the Circuit Court of the United States for the District of Indiana.

Edwin Walker and John W. Kern, for appellant.
Albert Baker and James L. High, for appellee.

Before JENKINS, Circuit Judge, and GROSSCUP and SEAMAN, District Judges.

JENKINS, Circuit Judge. The appellee, a corporation organized for the purpose of supplying the city of Indianapolis with water, filed its bill in the court below to restrain the defendant (appellant here) from polluting the waters of the White river, its source of supply. A decree passed in favor of the complainant, perpetually enjoining the pollution of the stream, as charged. The opinion of the court may be found in 57 Fed. 1000. The appellant brings that decree here for review. In advance of the hearing, the appellant moves the court for an order suspending, during the appeal, the operation of the injunction directed by the final decree. A similar motion was presented to the court below, but was denied. We entertain no question of the inherent power of this court to grant a supersedeas in case of appeal from a final decree. In Leonard v. Land Co., 115 U. S. 465, 6 Sup. Ct. 127, such power in the appellate court is recognized and asserted as beyond question. It was there stated, however, that that court, finding that indulgence of the power would frequently involve an examination of the whole case, and necessarily take much time of the court, adopted its present equity rule 93, which provides as follows:

"When an appeal from a final decree in an equity suit granting or dissolving an injunction, is allowed by a justice or judge who took part in the decision of the cause, he may in his discretion, at the time of such allowance, make an order suspending or modifying an injunction during the pendency of the appeal, upon such terms, as to bond or otherwise, as he may consider proper for the security of the rights of the opposite party."

It is thus apparent that the supreme court, while asserting its power, deemed it advisable to rest the discretion to suspend the operation of a writ of injunction pending appeal from final decree with the trial judge, and established the rule that in general the appellate court would not, pending the appeal and in advance of a decision by that

court upon the merits, interfere with the discretion lodged with the trial judge. This conclusion is bottomed on manifest grounds of propriety. In most cases it would be impossible for the appellate court properly to act in the premises without a careful review of the case upon the merits, which could not fitly be had upon the hearing of a motion. This cause presents a signal instance of the impropriety of considering the merits of the case, necessary to a proper review of the discretion of the trial judge. The cause is not ripe for hearing. The record is not yet printed, and, we are informed, consists of over 3,000 pages of testimony. The district judge was familiar with the evidence. He deemed it his duty to refuse the supersedeas. Without thorough examination of the record, we should be loath to say, and it would be improper to declare, that the discretion exercised by him had been abused.

It is claimed that the opinion of the court below demonstrates that the alleged pollution of the waters of the White river, of which complaint is made, was manifested in the year 1891, which was a year of severe and protracted drought, and was not specially observable in 1892, when the waters of the river were unusually high, during the month of June of which year there was a great flood. We understand the opinion to declare that the pollution of the water alleged to have been caused by the appellant was at all times observable, but to a much greater extent in the year 1891, and that such pollution, in large degree, resulted from the operation of the appellant's factory. The opinion states that the factory discharged daily into the river from its works 3,000,000 gallons of water, which had been used in the factory; that some 80 tons of straw, 27 tons of lime, and 5 gallons of muriatic acid were also daily used, all of which were so used with and operated upon by the water drawn from and discharged into the river; and that some 60 tons of refuse matter were discharged daily with the water into the stream. Whether or not this refuse matter would pollute the water at a distance of 35 miles below the point of discharge was a mooted question upon the trial, determined by the court below adversely to the present appellant. The degree of pollution is doubtless contingent upon the stage of water in the river, and upon the season of the year. And therefore it is claimed that during the present and ensuing winter and spring months this court should permit the appellant to operate its factory upon the suggestion that the appeal can be disposed of before the summer months, and before further pollution of the water to any appreciable degree might be apprehended. If the pollution of the water used for drinking purposes by the people of a large city is contingent upon the stage of water in the river, the court ought not to take it for granted that until the hearing and decision of the case the waters of the river will continue at so high a stage as to preclude the danger of pollution. We should not be asked, in advance of a hearing upon the merits, to assume such responsibility, in departure from the practice established by the supreme court, and in behalf of one adjudged to be the cause of the pollution, and especially when the trial judge, upon review of the evidence, has deemed it improper to grant a supersedeas. The frequent terms of this court give ample opportunity for hearing of appeals, and, if counsel are dili-

gent to speed the cause, we perceive no reason why a hearing cannot be had within the next three months. Since, therefore, the cause may be thus speedily disposed of, we deem it improper to depart from the rule adopted by the supreme court, or to enter into any investigation of the evidence in the case in review of the discretion exercised by the court below in refusing a supersedeas. So to do would establish an undesirable precedent. Until the hearing we must indulge the presumption, always accorded to the decrees of courts, that the judgment is correct. The motion will be overruled.