## HAYS v. FIDELITY & DEPOSIT CO. OF MARYLAND.

(Circuit Court of Appeals, Fifth Circuit. January 7, 1902.)

No. 1,067.

**1. INJUNCTION—LIABILITY ON BOND—LOUISIANA STATUTE.**

Under Rev. Code Prac. La. art. 304, which requires a party applying for an injunction to give a bond "to secure the payment of such damages as may have been sustained by the defendant," a surety on such a bond is not liable thereon for damages sustained by reason of the wrongful issuance of the injunction by one who is not a defendant in the injunction suit.

**2. SAME.**

A judgment was recovered in a court of the state of Louisiana, and an execution issued, which was levied on property of the defendant. On a petition of intervention filed by a stranger to the action, who gave the statutory bond, an injunction was issued, restraining a sale of the property, which injunction was subsequently dissolved. *Held*, that the defendant in the original action, who was not made a defendant to the petition of intervention, could not maintain an action against the surety on the injunction bond to recover damages alleged to have been sustained by him by reason of a depreciation in the value of the property levied on during the time its sale was prevented by the injunction.

**3. SAME—CONSTRUCTION OF BOND.**

Under the law of Louisiana, the liability of an obligor on a judicial bond is measured by the law, and not by the form of the bond. If an injunction bond names an obligee not required by the statute, his name will be read out of it.

In Error to the Circuit Court of the United States for the Eastern District of Louisiana.

This action was begun by Thomas H. Hays, a citizen of Kentucky, in the civil district court for the parish of Orleans. The petition contained the following statement of the cause of action: "That the Farmers' & Drovers' Bank, a banking corporation doing business in the city of Louisville, state of Kentucky, and the Fidelity & Deposit Company of Maryland, a corporation incorporated under the laws of the state of Maryland, and doing business as the Fidelity & Guarantee Company in the state of Louisiana, of which Charles H. Black & Co. is resident agent, are justly and legally indebted to your petitioner in the sum of three thousand dollars ($3,000), with legal interest thereon from judicial demand, for this, to wit: That on the 13th day of April, 1897, an execution was issued against your petitioner in the cause entitled 'James Martin vs. T. H. Hays,' No. 52,047 on the docket of your honorable court, under which judgment seventy-four shares of the stock of the Chalmette Steam Laundry Company of the City of New Orleans, of the par value of seventy-four hundred dollars, were seized and advertised for sale; that on the 17th day of May, 1897, the Farmers' & Drovers' Bank filed in your honorable court their petition of intervention in said cause, alleging that the judgment under which the said stock had been seized and was then advertised for sale was fraudulent and void, and had been collusively obtained and consented to for the purpose of defrauding petitioner's creditors; that, upon the allegations contained in said petition, your honorable court granted an order restraining the sale of said shares of stock until the further order of court; that on the 1st day of February,

1898, the aforesaid injunction was dissolved and set aside by a judgment of your honorable court, and the sale under the writ of fieri facias aforesaid ordered to be proceeded with. Said judgment of dissolution becoming final, the sheriff readvertised the aforesaid stock, and the same was sold on the 21st day of March, 1898, and adjudicated to the plaintiff in execution for the sum of one thousand dollars. Your petitioner shows that said stock was well worth, at the time of the seizure thereof, its par value, and that if the sale thereof as advertised had not been enjoined as aforesaid, the same would have brought its full value at sheriff's sale. After the injunction aforesaid, and during the pendency of the said cause, the yellow fever made its appearance in the city of New Orleans, suspending business to such an extent that the said Chalmette Steam Laundry Company became embarrassed, was unable to pay its operating expenses, and the stock thereof declined greatly in value,—so much so that when the same was exposed for sale, after the dissolution of the injunction, it brought the trifling sum of one thousand dollars. Your petitioner shows that the purchaser of said stock has, since his acquisition of the same, sold it for more than its par value; that the loss aforesaid resulted directly and immediately from the unlawful and unwarranted action of the aforesaid Farmers' & Drovers' Bank in obtaining the injunction aforesaid. Your petitioner shows that, in order to obtain the said injunction, the said Farmers' & Drovers' Bank was required to execute a bond, with good and sufficient security, in the sum of one thousand dollars, and that thereafter it was required, by order of court, to furnish an additional bond for the sum of two thousand dollars more, which last bond was filed on the 8th day of July, 1897; that both of said bonds were conditioned for the payment of such damages as this petitioner should sustain in the event it should be decided that said injunctions were wrongfully obtained; and that the Fidelity & Deposit Company of Maryland was security on both of said bonds. He avers that the stock described in said petition, the sale of which was enjoined by process issued at the instance of the Farmers' & Drovers' Bank, was the property of this plaintiff at the time of the seizure thereof under the judgment described in his petition, and continued to be his property until adjudicated at sheriff's sale, as therein alleged; that the injunction obtained by the said Farmers' & Drovers' Bank against the sale of said stock was wrongfully obtained, and was dissolved and set aside by judgment of the civil district court, as set forth in the original petition. Wherefore petitioner prays that a curator ad hoc be appointed to represent the said Farmers' & Drovers' Bank, and cited to answer hereto; that said Fidelity & Deposit Company of Maryland be likewise cited to answer hereto; that, after due trial and proper proceedings, your petitioner have judgment against the said defendants, in solido, for the sum of three thousand dollars, with legal interest from judicial demand, and for general relief."

The curator ad hoc appointed by the court to represent the Farmers' & Drovers' Bank pleaded that the court was without jurisdiction so far as that bank was concerned. This defense was sustained, and the cause dismissed by the state court as to the Farmers' & Drovers' Bank. The cause was then removed, on the application of the Fidelity & Deposit Company of Maryland, to the United States circuit court of the Eastern district of Louisiana. After the removal of the cause, the defendant filed exceptions to the petition. One of the exceptions to the petition was "that the said petition discloses no legal cause of action." On the trial this exception was sustained by the court, and the cause dismissed. The case is brought here on writ of error by Thomas H. Hays, who assigns as error the decision of the circuit court sustaining the exception of no cause of action, and in "deciding that the facts stated in said petition are not sufficient to constitute a cause of action against said defendant."

C. J. Boatner (Dodds & Boatner, on the brief), for plaintiff in error.

P. M. Milner, for defendant in error.

Before PARDEE, McCORMICK, and SHELBY, Circuit Judges.

SHELBY, Circuit Judge, after stating the case as above, delivered the opinion of the court.

This is an action on two injunction bonds made by the same obligors in the same cause. The sole question to be decided is whether or not the petition shows a legal cause of action against the defendant. It appears from the petition that a suit in which James Martin was plaintiff and Thomas H. Hays (the petitioner in this action) was defendant had resulted in a judgment for Martin and against Hays. Execution issued, and was levied on certain shares of stock, the property of Hays. The Farmers' & Drovers' Bank, the principal on the injunction bonds, filed a petition of intervention in the case of Martin against Hays, alleging that the judgment therein was fraudulent, and obtained an injunction against the sale of the shares of stock levied on The bonds sued on in this action were given to secure the injunction. It does not appear from the petition who were made defendants to the injunction suit. Nor does it appear, except by inference, who was enjoined. It does appear that the injunction stopped the sale, and the ensuing damage is averred. It was Martin, the plaintiff in execution, who was proceeding to sell Hays' stock; and the natural inference, in the absence of averment to the contrary, is that Martin was defendant to the petition of intervention, and that its prayer sought to enjoin him from selling the stock, and that the injunction followed the prayer. We cannot construe the petition in this action as averring that Hays, the defendant in execution, was enjoined from selling the stock. It was, we suppose from the petition, Martin, the plaintiff in execution, who was enjoined. It fairly follows, we think, that Martin was the defendant in the injunction suit; that is, in the intervening petition praying for the injunction. The statute authorizing the issuance of the injunction requires the party applying for it to annex to his petition "his obligation in favor of the defendant for such sum as the court may determine, after having examined what injury the defendant may sustain from such injunction, * * * to secure the payment of such damages as may have been sustained by the defendant." Rev. Code Prac. La. art. 304. By "defendant," here, is clearly meant the defendant or defendants in the injunction suit. It does not mean the defendant in some other case to which the injunction suit may relate. From the averments of the petition, in view of the terms of the statute requiring the bonds, we are constrained to hold that it appears from the petition that the bonds required were payable to Martin, and not to Hays, the plaintiff in this action.

But it is argued in behalf of the plaintiff in error that Hays was one of the obligees in the injunction bonds. It is not so alleged. And if it had been alleged that the bonds were payable to him and to Martin, as it appears from the petition that the injunction was to stop Martin from selling by judicial process Hays' stock, we could not conclude, from the bond being so written, that the injunction suit sought relief against Hays, and that Hays was made a defendant. It is not alleged that he was defendant to the intervening petition, nor that he was enjoined. The learned counsel for the plaintiff in error argue that the petition shows that the petitioner, Hays, was an obligee in

the injunction bonds, because it avers that the "bonds were conditioned for the payment of such damages as this petitioner should sustain." If we construe the petition as making such averment, that is not enough. Before he makes the case come within the statute as to injunction bonds, it must appear that he was a defendant in the injunction suit. Under the law of Louisiana, the liability of the obligor on a judicial bond depends on the law, and not on the form of the bond. If Hays were an obligee in the bonds sued on, he not being a defendant in the injunction suit, and the statute requiring the bond to be in favor of the defendant, the law would strike his name out, and insert that of the statutory payee, the defendant in the injunction suit. It has been said by the supreme court of Louisiana that the doctrine is well settled that, "where a bond is given under the authority of a law, whatever is included in the bond, and which is not required by the law, must be read out of it, and whatever is not expressed, and ought to have been incorporated, must be read as if inserted into it." Macready v. Schenck, 41 La. Ann. 456–463, 6 South. 517. And this principle has been applied where the bond names an obligee not named in the statute. Railroad Co. v. Barksdale, 15 La. Ann. 465. The liability of sureties on judicial bonds is fixed by the law which authorizes the taking of the bonds. Sears v. Bearsh, 7 La. Ann. 539. It does not appear from the petition that Hays was the payee in the bonds sued on, and (which is of greater importance) it does not appear that he was a defendant in the injunction suit. An injunction bond secures only "the payment of such damages as may have been sustained by the defendant." Rev. Code Prac. La. art. 304. The petition shows no right of action in Hays on the bonds.

The judgment of the circuit court is affirmed.