GREEN BAY & M. CANAL CO. v. NORRIE.

(Circuit Court, S. D. New York. October 1, 1902.)

1. SUPERSEDEAS—LIABILITY ON BOND—DAMAGES FOR VIOLATION OF INJUNCTION.
   A supersedeas bond, given under Rev. St. § 1000 [U. S. Comp. St. 1901, p. 712], and supreme court rule 29 (3 Sup. Ct. xvi), does not suspend the operation of a prohibitory injunction granted by the decree appealed from, but, unless otherwise ordered by the trial judge in allowing the appeal, as authorized by equity rule 93, such injunction remains in full force pending the appeal, and its violation is punishable as a contempt. Hence damages sustained by the appellee by a violation of the injunction pending appeal are not the result of the supersedeas bond, and cannot be recovered in an action thereon.

Action at Law on Supersedeas Bond. On demurrer to complaint.

Clarence Howland, Lyman E. Barnes, and Moses Hooper, for plaintiff.

Huntington & Rhinelander, for defendant.

TOWNSEND, Circuit Judge. This action is brought to recover damages on a supersedeas bond given under the provisions of section 1000 of the Revised Statutes [U. S. Comp. St. 1901, p. 712] and supreme court rule 29 (3 Sup. Ct. xvi). A supersedeas stays execution, and under the supersedeas bond can be recovered all damages caused by the stay. The damages here sought are for the wrongful act of the defendant in violating the injunction pending the appeal, and it is claimed that the effect of the supersedeas was to permit the violation of the injunction, and protect the defendant in so doing, and that, therefore, the supersedeas was the cause of whatever damages were sustained by the plaintiff through the acts of the defendant in violating the injunction. The injunction was not a mandatory one, but was prohibitory merely. It being assumed upon demurrer that damage was caused to the plaintiff by such acts, the question is whether such damage was the result of the supersedeas obtained by virtue of the filing of the bond. If the supersedeas did not suspend the effect of the injunction, but merely stayed execution, and prevented the execution of affirmative orders of the court, it cannot be said that the wrongful acts of the defendant were permitted, or that the defendant was protected in committing them, in violation of the injunction, by the supersedeas. In such a case the damage sustained would not be a result of the supersedeas. It has been plainly held by the supreme court that a supersedeas does not suspend the effect of an injunction pending appeal. Hovey v. McDonald, 109 U. S. 150, 3 Sup. Ct. 136, 27 L. Ed. 888; Leonard v. Land Co., 115 U. S. 465, 6 Sup. Ct. 127, 29 L. Ed. 445; Rev. St. § 1007 [U. S. Comp. St. p. 714]. The supreme court has inherent power to modify or annul an injunction during the pendency of an appeal, and such power is necessary in order to do justice. But as, in practice, the exercise of it would require the examination of the record in many cases, the supreme court adopted equity rule 93, leaving to the determination of the trial judge, at the time the appeal is allowed, the question whether the effect of the injunction should be suspended or not pending the appeal. Leonard v. Land Co., supra. This power is often exercised, and ought to be exercised if there is danger of irreparable injury. But if this affirmative power is not exercised, the effect of the injunction is not suspended pending appeal, and disobedience is contempt of the court granting it, and may be punished by the court as such. Hovey v. McDonald, supra; American Straw Board Co. v. Indianapolis Water Co., 26 C. C. A. 470, 81 Fed. 423; Sixth Ave. R. Co. v. Gilbert El. R. Co., 71 N. Y. 430; High, Inj. (3d Ed.) § 1699; 7 Am. & Eng. Enc. Law, p. 35. The effect of the supersedeas, therefore, in the present case, was not to permit violation of the injunction pending the appeal, or to protect the defendant in such violation; for the plaintiff might at any time have instituted proceedings in contempt, to the end that the injunction should in the meantime be obeyed, and, if it had done so, would not have been damaged. If the plaintiff mistook its rights.

and understood that the effect of the injunction was suspended by the supersedeas, and that, therefore, it could do nothing but rely upon damages to be claimed under the bond, it can gain no rights by such mistake, for it was bound to know the law.   Nor does it make any difference, even if all parties misunderstood the legal effect of the supersedeas, including the judge who allowed the appeal, and therefore fixed the bond at a large sum.   Such a misunderstanding can give no rights to a party seeking to recover on a bond.   The bond cannot, either by the understanding of the parties or by the direct incorporation in it of further provisions, accomplish more than by the statute and the rule of court it was intended to accomplish.   Hotel Co. v. Kountze, 107 U. S. 378, 2 Sup. Ct. 911, 27 L. Ed. 609, and dissenting opinion by Justice Miller in the same case; Hays v. Deposit Co., 50 C. C. A. 569, 112 Fed. 872.   The parallel which the plaintiff seeks to draw between an action in ejectment and a bill in equity for an injunction fails, for the reason that the judgment in ejectment is such as to entitle the plaintiff prevailing to have the process of the court upon that very judgment carried out affirmatively until the party in possession is actually removed.   A supersedeas in such case stays the active force of the judgment.   An injunction, on the contrary, does not of itself change the status, or go further than to pronounce upon the rights of the parties, and forbid the doing of acts inconsistent with those rights.   A supersedeas does not change the pronouncement or reverse the rights even temporarily, but that pronouncement remains in full force until reversed, unless, upon the allowance of the appeal, an order is entered expressly limiting its force.   The pronouncement being in force, the court having made it is not, unless and until the appellate court makes a contrary pronouncement, deprived of any of its power to punish for contempt. Its further direct act in execution of its judgment is stayed; but its decree determining the rights of parties is not stayed, nor is its power to punish for contempt stayed.

The plaintiff cannot properly say that this conclusion deprives it of rights or remedies.   It had its remedy, either by instituting contempt proceedings or by bringing an action for damages for the wrongful acts of the defendant.   If it allowed the violations to go on without complaint, and allowed the statute of limitations to run against an action for damages, its loss of those remedies cannot give rise to a new one.

As the damages claimed appear to be only those resulting from the acts of the Kaukauna Water Company in violation of the injunction, and the damage sustained by those acts cannot be said to be caused by, or as a result of, the supersedeas, the demurrer must be sustained.