## GREEN BAY & M. CANAL CO. v. NORRIE.

### (Circuit Court of Appeals, Second Circuit. March 2, 1904.)

### No. 100.

1. DECREE—CONSTRUCTION — SUPERSEDEAS — PROHIBITORY INJUNCTION—VIOLA-
TION.

In an action to recover water rights in certain ponds, plaintiff prayed judgment that defendant be commanded to rebuild and restore the embankment and drain on the south bank of the river, opposite the property conveyed by plaintiff to the United States with a reservation of the water power. The state court rendered judgment that plaintiff was the owner of the water power created by the dam previously erected, and adjudged that defendant be perpetually restrained from drawing any water from the pond created by the dam. On appeal, it appearing that defendant, instead of the earth embankment, had constructed a series of stone piers, with openings between the same which could be closed by movable gates, and which, when closed, operated to maintain the pond, the court held that, as defendant's headgates would stop the water as effectually as would an embankment, the plaintiff was not injured by leaving the gates, and that the refusal of the injunction as prayed was a proper exercise of the trial court's discretion. *Held*, that the injunction contained in the judgment of the state court was prohibitive only, and not mandatory, and was therefore not suspended by a supersedeas bond given on appeal to the United States Supreme Court, where the judgment was affirmed.

2. SAME—ESTOPPEL.

The fact that both parties to a suit mistakenly supposed that a supersedeas bond on an appeal from the Supreme Court of the state to the United States Supreme Court operated to suspend a prohibitory injunction did not estop one of the parties from contending, in an action on the bond, that such was not its effect.

In Error to the Circuit Court of the United States for the Southern District of New York.

For opinion below, see 118 Fed. 923.

This cause comes here upon writ of error to review a final judgment of the Circuit Court, Southern District of New York, dismissing plaintiff's amended complaint on the merits, upon demurrer thereto for insufficiency of facts. The action is at law upon a federal statutory supersedeas bond in the penal sum of $30,000, given by defendant and three other co-sureties upon a writ of error to the Supreme Court of the United States to review a final judgment entered in the circuit court of Outagamie county, Wis., in a suit in which the Green Bay & Mississippi Canal Company was plaintiff and the Kaukauna Water Power Company was defendant. In the Wisconsin suit it was contended that a certain pond, from which the Kaukauna Company was drawing water power for the use of some mills which it operated (or leased) on the banks of the Fox river, was part of a system of ponds and canals maintaining slack-water navigation on said river, originally owned by the plaintiff; that the same had been conveyed by plaintiff to the United States, with reservation of "the water powers created by the dams and by the use of the surplus water not required for the purpose of navigation, with the rights of protection and preservation appurtenant thereto"; that a necessary part of such work was an embankment across the river front of "lots 6 and 7, where they abut on Fox river, of the height of eight or ten feet, and of sufficient thickness and strength to hold the water in said pond"; that the maintenance of such embankment across said lots was necessary to the maintenance of plaintiff's water power; and that the Kaukauna Company had "cut, broken, torn away, and removed the embankment along and on said lot 6 for the space of about 200 feet." Plaintiff prayed judgment against the Kaukauna Company, commanding it "to rebuild and restore to its former state and condition the embankment

and drain on said south bank of said river upon and across said lot 6." The Wisconsin action was tried in the circuit court, was appealed to the Supreme Court of that state, and upon mandate of the latter court there was entered the final judgment in said circuit court, from which the appeal was taken to the United States Supreme Court, and the bond here sued upon was executed. That judgment "considered and adjudged that the plaintiff is the legal owner of the water power created by such dam [describing it] over and above what is required for navigation." It adjudged $193.22 costs to plaintiffs, and ordered and adjudged that defendants, the Kaukauna Company and others, "be, and they hereby are, perpetually restrained from drawing any water from the pond maintained by the dam across the Fox river, * * * mentioned in the complaint, for hydraulic power." The supersedeas bond is in the usual form; the condition being "that if the said defendants above named shall prosecute their writ of error to effect and answer all damages and costs, if they shall fail to make their plea good, then the above obligation to be void." The judgment appealed from was affirmed by the United States Supreme Court, without any modification. Kaukauna Co. v. Miss. & Green Bay Co., 142 U. S. 254, 12 Sup. Ct. 173, 35 L. Ed. 1004. It seems to have been supposed by all parties that the supersedeas bond operated to suspend the injunction, and the Kaukauna Company, during the pendency of the appeal, continued to draw water from the pond for hydraulic power, without interference or objection, and without any application being made to the court to punish it for disobedience of the injunction. The action at bar is brought to recover damages for such continued drawing of the water.

Moses Hooper, for plaintiff in error.
T. N. Rhinelander, for defendant in error.

Before LACOMBE and COXE, Circuit Judges.

LACOMBE, Circuit Judge (after stating the facts as above). Demurrer was interposed to the original complaint, and the points raised thereby were discussed by Judge Townsend in an opinion reported in 118 Fed. 923. He referred to Hovey v. McDonald, 109 U. S. 150, 3 Sup. Ct. 136, 27 L. Ed. 888, and Leonard v. Ozark Land Company, 115 U. S. 465, 6 Sup. Ct. 127, 29 L. Ed. 445, and held that a supersedeas does not suspend the effect of a prohibitory injunction pending appeal. The plaintiff in error here does not question the correctness of that conclusion; so it will be sufficient, on that branch of the case, to refer to Judge Townsend's opinion. That opinion contains the following:

"The parallel which the plaintiff seeks to draw between an action in ejectment and a bill in equity for an injunction fails, for the reason that the judgment in ejectment is such as to entitle the plaintiff prevailing to have the process of the court upon that very judgment carried out affirmatively until the party in possession is actually removed. A supersedeas in such case stays the active force of the judgment. An injunction, on the contrary, does not of itself change the status, or go further than to pronounce upon the rights of the parties and forbid the doing of acts inconsistent with those rights."

The plaintiff, in the hope that it might thereby convince the court that its situation was similar to that of the successful plaintiff in ejectment, amended its complaint by setting forth the locus in quo and the proceedings in the Wisconsin courts in much greater detail. It is now contended that the injunction was not merely prohibitory, but mandatory as well; that by the decision of the Wisconsin court "in 'effect it was adjudged that the canal company was the owner of the water power, and that possession thereof should be taken from the Kaukauna Company and transferred to the plaintiff."

128 F.—57

If the injunction were in fact mandatory, it would be suspended by the appeal and supersedeas; but the argument of plaintiff in error fails to convince us that it is not purely prohibitive. Manifestly it is prohibitive in form. It perpetually enjoins and restrains from drawing any water from the pond for hydraulic power. It is to be noted that the embankment and the headgates which the Kaukauna Company had placed therein were located wholly on property of that company, and the judgment did not profess even to put the canal company into possession of, or in control of, either. All that it was adjudged the plaintiff owned was the right to have the surplus water from the pond flow onward to his premises without being reduced in volume by drafts of the Kaukauna Company. In a purely technical sense only could it be said that the judgment put him into possession of the water power. Moreover, not only is the form of injunction prohibitory, but that form was selected by the court ex industria.

It will be remembered that the bill prayed that the Kaukauna Company be commanded "to rebuild and restore to its former state and condition the embankment and drain." This was a specific prayer for a mandatory injunction. The complaint in the present action shows that the works of the Kaukauna Company consisted of a series of stone piers, with openings between the same, and with movable gates or slides to close such openings, so that, when such slides or gates were closed, the same operated to maintain the mill pond; this constituting what may be termed a substituted embankment, in place and stead of the original earth embankment. Upon the trial of the action in the Wisconsin circuit, that court found that:

"In building its canal, the Kaukauna Company has erected and maintained works on the south shore of the river that does the same service that was performed by the embankment mentioned in the deed from John Hunt."

And upon appeal the Supreme Court of Wisconsin said:

"Inasmuch as the headgates to the defendant's canal stop the water as effectually as would an embankment of earth, and the plaintiff is not injured by leaving the gates as they are, a refusal of the injunction prayed is a very proper exercise of the discretion of the court."

In view of this, we fail to see how it can be maintained that the prohibitory injunction which was granted was in fact, or was intended to be, the mandatory injunction which was refused.

It is further contended that because, prior to the decision in the Wisconsin court, the water was being drawn from the pond through the open gates, the injunction must be construed to be mandatory, as well as prohibitory, on the ground that it first required the gates to be closed, and thereafter to be kept closed. In our opinion, this distinction is too fine drawn for practical application. The important and controlling feature of the injunction is the compelling of the defendant to refrain in the future from doing the acts complained of. It is not concerned with what he may or may not do to enable himself to comply with this command thereafter to refrain. It would be a curious rule of construction which would hold an injunction against the use of machinery, for instance, embodying some patented improvement, to be mandatory if it were served during working hours, when

the machinery was in motion, and prohibitory only if it were served at night or during the midday recess, when the machinery was at rest.

We find no force in the suggestion of an estoppel resulting from the circumstance that all parties mistakenly assumed that the supersedeas stayed the operation of the injunction.

The judgment of the Circuit Court is affirmed.