OMAHA & COUNCIL BLUFFS STREET RAILWAY
COMPANY *v.* INTERSTATE COMMERCE COM-
MISSION.

#### APPEAL FROM THE COMMERCE COURT.

No. 846.   Motion for order to maintain the *status quo* pending appeal.
Submitted October 30, 1911.—Decided November 6, 1911.

Where this court considers it proper the *status quo* will be maintained
pending an appeal from the judgment of the Commerce Court sus-
taining an order of the Interstate Commerce Commission; and the
enforcement of the order in question will be suspended pending the
appeal, on the appellant giving a bond for the amount and in the
form prescribed by this court.

THE facts are stated in the opinion.

*Mr. John Lee Webster* for the appellants in support of
the motion.

*The Attorney General, Mr. Blackburn Esterline* and
*Mr. Charles W. Needham* for the appellees in opposition:

The final decree dismissing the bill dissolved the pre-
liminary injunction. 22 Cyc. 981; 1 Joyce on Injunctions,
§§ 330*b*, 330*c*; 10 Ency. Pl. and Pr. 1029; *Hovey* v. *Mac-
Donald,* 109 U. S. 150, 158, 161; *Sweeney* v. *Handley,* 126
Fed. Rep. 97, 99.

When the preliminary injunction has thus been dis-
solved it cannot be revived except by a new exercise of
judicial power, and the appeal from the final decree dis-
missing the bill does not affect the dissolution of the in-
junction. *Knox County* v. *Harshman,* 132 U. S. 14; *Leon-
ard* v. *Ozark Land Co.,* 115 U. S. 465; *Hovey* v. *MacDonald,*
109 U. S. 150, 161.

A supersedeas cannot be granted in view of § 2 of the
act creating the Commerce Court, of June 18, 1910, 36
Stat. 542.

The order of the Interstate Commerce Commission will

expire in less than three months. If this court further suspends the order of the Commission, the order will expire before any final judgment can possibly be entered by this court on the merits, and the appellees will have avoided complying with the same while it lasted.

The giving of a bond would avail nothing. The Interstate Commerce Commission and the United States are the appellees. If the appellees are named as the obligees of the bond, such a bond would be ineffective as to the passengers traveling between Council Bluffs and Omaha. As the nickels pass into the possession of the company, it is at once beyond the power of the passengers ever to prove the payments and recover them back.

PER CURIAM: Upon the authority of Revised Statutes, § 716; *Ex parte Milwaukee Railroad Co.*, 5 Wall. 188; *Leonard* v. *Ozark Co.*, 115 U. S. 465, 468; *In re Classen*, 140 U. S. 200, 207; *In re McKenzie*, 180 U. S. 536, 549; *United States* v. *Shipp*, 203 U. S. 563, 573; and upon full consideration of the facts bearing upon the propriety of the appellants' motion for an order to maintain the *status quo* pending this appeal, it is ordered that the enforcement of the order of the Interstate Commerce Commission entered November 27, 1909, and drawn in question in this case, be, and it is, suspended and enjoined during the pendency of this appeal, upon condition that within 10 days herefrom the appellants execute unto the Interstate Commerce Commission and file in this cause a good and sufficient bond in the sum of $10,000, with sureties to be approved by the clerk of this court, and conditioned that the appellants will promptly pay any and all damages which may be suffered by their several passengers and intended passengers by reason of the granting or continuance of this order if it is adjudged ultimately that the order of the Interstate Commerce Commission, drawn in question in this case, is a valid one.

All other *per curiam* opinions, decisions on petitions for writs of certiorari, and orders disposing of cases in vacation between the end of October Term, 1910, and April 1, 1912, will appear in Volume 223, United States Reports.

---

The Rules of the Supreme Court of the United States as revised and promulgated December 22, 1911, are contained in an Appendix to this volume, following page 668, *post.*