### LOUISVILLE & N. R. CO. et al. v. UNITED STATES et al.

(District Court, M. D. Tennessee, Nashville Division. October 23, 1915.)

1. APPEAL AND ERROR ☞477—STAY OF PROCEEDINGS—AUTHORITY OF COURT.
   A court of equity has inherent authority in the exercise of a sound discretion to accompany a decree changing the status quo, with an appropriate provision preserving the status quo pending an appeal.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2247–2249; Dec. Dig. ☞477.]

2. APPEAL AND ERROR ☞477—STAY OF PROCEEDINGS—AUTHORITY OF COURT.
   The inherent power of a court of equity to maintain the status quo pending an appeal from a decree changing the status quo is not impaired or lessened by any provision of Interstate Commerce Act Feb. 4, 1887, c. 104, 24 Stat. 379, the act creating the Commerce Court (Judicial Code [Act March 3, 1911, c. 231] § 200, 36 Stat. 1087) or Act Oct. 22, 1913, c. 32, 38 Stat. 219, abolishing the Commerce Court and transferring its jurisdiction to the District Courts.

   [Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 2247–2249; Dec. Dig. ☞477.]

3. COMMERCE ☞98—INTERSTATE COMMERCE COMMISSION—SETTING ASIDE ORDERS—STAY PENDING APPEAL.
   Where it appeared, on a motion to modify a decree denying an interlocutory injunction and dismissing the petition, in a suit to set aside an order of the Interstate Commerce Commission relative to the interchange of traffic between the petitioners and a certain other railroad, that if the decree should be reversed by the Supreme Court a great and irreparable injury would in the meantime result to the petitioners, by reason of a diversion of part of their traffic by competing railroads, enabled to obtain access to local industries on their lines through the enforcement of such order, and the expense and disturbance of their business caused by changing their former practices and the publication of new tariffs, while it did not clearly appear that any particular individuals would suffer material financial injury if the order of the Commission was stayed for a short time, the enforcement of the order would be stayed, to enable the petitioners to perfect their appeal, and present to the Supreme Court an application for a preliminary suspension order pending the hearing of the appeal.

   [Ed. Note.—For other cases, see Commerce, Cent. Dig. § 148; Dec. Dig. ☞98.]

On motion to modify decree. Motion granted, and decree modified. For former opinion, see 227 Fed. 258.

---

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

Henry L. Stone and William A. Colston, both of Louisville, Ky., R. Walton Moore and Frank W. Gwathmey, both of Washington, D. C., and Edward S. Jouett, of Louisville, Ky., for Louisville & N. R. Co. and Terminal Co.

Claude Waller, of Nashville, Tenn., for Nashville, C. & St. L. R. Co.

Blackburn Esterline, of Washington, D. C., for Attorney General.

Lee Douglas, of Nashville, Tenn., for United States District Attorney.

Edward W. Hines, of Washington, D. C., for Interstate Commerce Commission.

Albert Ewing, Jr., of Nashville, Tenn., for city of Nashville.

T. M. Henderson, of Nashville, Tenn., for Traffic Bureau of Nashville.

S. W. Fordyce, of St. Louis, Mo., and Walter Stokes, of Nashville, Tenn., for Tennessee Cent. R. Co.

Before WARRINGTON, Circuit Judge, and McCALL and SANFORD, District Judges.

PER CURIAM. In the opinion heretofore handed down in this cause, it was directed that a decree be entered denying the motion of the petitioners for an interlocutory injunction and dismissing the petition. Before the entry of such decree the petitioners moved the court to modify the proposed order by granting them an interlocutory injunction pending an appeal to the Supreme Court, or otherwise by proper order maintaining the status quo until such appeal should be decided, upon such terms as to execution of bond and prosecution of the appeal as the court might deem proper. This motion has been heard by the court after due notice.

[1] The inherent authority of a court of equity, in the exercise of a sound discretion, to accompany a decree changing the status quo, with an appropriate provision nevertheless preserving the status quo pending an appeal, is clear. Hovey v. McDonald, 109 U. S. 150, 151, 162, 3 Sup. Ct. 136, 27 L. Ed. 888. This case was followed by Thayer, Circuit Judge, in Cotting v. Stockyards Co. (C. C.) 82 Fed. 850, 857, in which, in a suit to enjoin the enforcement of a state statute, the court, in its final decree, although denying an injunction and dismissing the bill, nevertheless, upon its own initiative, in view of the probability of an appeal, the importance of the questions involved, the doubt with which they were balanced, and the great harm which would result to the plaintiffs in the enforcement of the statute pending the appeal in the event the decree should be reversed, at the same time restored a restraining order that had been vacated by a former decree in the cause and continued the same in force pending the taking and determination of an appeal to the Supreme Court, upon conditions set forth in the opinion. This action of the Circuit Court was set forth in extenso in the statement of the case made by Mr. Justice Brewer in delivering the opinion of the Supreme Court on appeal, with, it seems, implied approval, and in the opinion itself it was stated that the Circuit Judge, although denying the relief sought by the plaintiffs, had "exercised his power of continuing the restraining order until such time as these questions could be determined," thus inferentially, at

least, if not expressly, recognizing the continuance of the restraining order as a proper exercise of "the power" of the Circuit Court under such circumstances. Cotting v. Stockyards Co., 183 U. S. 79, 80, 83, 22 Sup. Ct. 30, 46 L. Ed. 92. This principle was furthermore recognized in Louisville Railroad v. Siler (C. C.) 186 Fed. 176, 203, decided by three judges, two of whom are sitting in the present case, and in which, while denying the complainant's motion for an interlocutory injunction, the court, upon its own initiative, in view of the probability of an appeal, continued a previous restraining order until an opportunity had been given to the plaintiff to secure a review upon appeal, upon terms prescribed in the order. And see, by analogy, Interstate Commission v. Louisville Railroad (C. C.) 101 Fed. 146, 148, in which the court, after entering a decree granting an injunction restraining the plaintiffs from disobeying an order of the Interstate Commerce Commission, subsequently, at the same term, upon the application of the defendants, suspended the execution of such decree pending an appeal by the plaintiffs, upon conditions set forth in the opinion, and superseded the injunction pending such appeal.

[2] The majority of the court are of opinion that this inherent power of a court of equity to maintain the status quo pending an appeal is not impaired or lessened by any of the several provisions of the Interstate Commerce Act, the act creating the Commerce Court (subsequently embodied in section 200 et seq. of the Judicial Code) or the act of October 22, 1913 (38 Stat. 219, c. 32), abolishing the Commerce Court and transferring its jurisdiction to the District Courts of the United States, upon which the defendants rely as limiting the authority of the court in the premises.

[3] It further appears from the affidavits submitted by the petitioners, which are not controverted, that in the event the decree of this court denying the injunction prayed by the petitioners and dismissing their bill should be reversed by the Supreme Court, a great and irreparable injury would in the meantime have resulted to the petitioners by reason of the diversion of part of their traffic entering and leaving Nashville by competing railroads enabled to obtain access to local industries on their lines through the enforcement of the order of the Interstate Commerce Commission, and the expense and disturbance of their business caused by changing their former practices in the meantime so as to comply with the order of the Commission and the publication of new tariffs. And, on the other hand, it does not clearly appear that any particular individuals would suffer material financial injury in the event the order of the Commission is stayed for a short time so as to enable the petitioners to perfect their appeal and to present to the Supreme Court an application for a preliminary suspension order of the Commission pending the hearing of the appeal in the Supreme Court, in accordance with the practice recognized in Omaha Street Railway v. Interstate Commission, 222 U. S. 582, 583, 32 Sup. Ct. 833, 56 L. Ed. 324.

It results, therefore, that in the opinion of a majority of the court, in view of the importance of the questions involved in this cause, and the irreparable injury which will result to the petitioners from the enforcement of the decree in this cause, if reversed, unless a short

stay is granted, that the decree whose entry has heretofore been directed, denying the preliminary injunction and dismissing the petition, should, under all the circumstances of the case, in the exercise of a sound discretion, be modified so as to provide that if the petitioners shall within 30 days from the entry of such decree take and perfect an appeal to the Supreme Court, and also present to that court, within such 30 days, a petition for a preliminary suspension of the order of the Commission pending the determination of such appeal, the enforcement of the order of the Commission should be stayed until a decision by the Supreme Court upon the question of granting such preliminary suspension of the order of the Commission shall be rendered; provided, however, further, that in addition to the ordinary appeal bond the petitioners shall also, at or before the time of the allowance of an appeal, make and file in this court their bond, in the penal sum of $25,000, payable to the clerk of this court, with sureties to be approved by him, conditioned that in the event the petitioners shall not, within 30 days from the entry of such decree, take and perfect an appeal to the Supreme Court and also present to that court, within such 30 days, a petition for a preliminary suspension of the order of the Commission pending such appeal, or in the event the appeal from the decree of this court is dismissed by the petitioners, or the decree of this court denying the interlocutory injunction and dismissing the petition is affirmed by the Supreme Court, they will, on demand, pay to the party or parties entitled thereto all legal damages accruing to them by reason of the stay of the order of the Commission granted by such decree.

⊜⟶For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes