**SHINHOLT et al. v. ANGLE.**
No. 8379.

Circuit Court of Appeals, Fifth Circuit.
June 11, 1937.

J. B. Hatchitt and Jno. E. Kilgore, both of Wichita Falls, Tex., for appellants.

Pinckney G. McElwee, of Jefferson, Tex., for appellees.

Before FOSTER, HUTCHESON, and HOLMES, Circuit Judges.

HOLMES, Circuit Judge.

This is an appeal from an interlocutory order of the District Court granting an injunction to stay proceedings under a judgment in the state court, pending an appeal to this court from an order dismissing so much of a bill of complaint as sought to set aside said judgment. The appeal from the order in the court below dismissing the bill having been allowed, petition for the injunction was filed below in the same proceedings, and, upon the granting of the injunction, a separate appeal was prosecuted to this court, and was docketed as a separate case. The former appeal was disposed of in Angle v. Shinholt and Jackson, and reverse title, decided June 7, 1937, reported in 90 F.(2d) 294.

The original bill in the court below alleged that appellants had recovered a judgment against appellee in the state court for a one-fourth interest in an oil lease and for a money demand; that the judgment was obtained by fraud and should be set aside; and, in the alternative, that appellee was entitled to certain recoveries against appellants by virtue of their joint ownership of the property under the terms of the judgment. The bill prayed for a permanent injunction against the enforcement of the judgment or for an accounting. On the final hearing, so much of the bill as sought relief against the judgment of the state court was dismissed, but the accounting was allowed and appellee was given a recovery thereon far in excess of the amount recovered against him in the state court. Appeal and cross-appeal having been perfected in the main controversy, appellants caused an execution to issue out of the state court on the money demand.

Thereupon, appellee applied to the District Court for an injunction to preserve the status quo pending the appeal, and this appeal is prosecuted from the order allowing the same.

A court of equity has inherent power to preserve the status quo pending an appeal from an order disallowing injunctive relief, and the question of whether or not such a stay will be granted is one addressed to the sound discretion of the court. Champlin Refining Co. v. Corporation Commission, 286 U.S. 210, 52 S. Ct. 559, 76 L.Ed. 1062, 86 A.L.R. 403; Louisville & N. R. Co. v. U. S. (D.C.Tenn.) 227 F. 273; Toledo Newspaper Co. v. U. S. (C.C.A.6) 237 F. 986; Flint River Pecan Co. v. Fry (C.C.A.5) 29 F.(2d) 457.

It is argued that the granting of the stay pending appeal was an abuse of discretion, and the same reasons are urged for this conclusion that were relied upon by appellants in the main appeal for the affirmance of the order dismissing the bill as to injunctive relief. The question presented was not whether the court could or should grant the ultimate relief sought. That question was being transferred to another tribunal. The question was: Upon a consideration of all the facts, would harm result to either party as a result of the granting or denial of the stay, and were there probable grounds for an appeal to protect rights which might be prejudiced by a refusal to grant the stay?

This appeal is not from a temporary injunction pending a trial on the merits, but is from an order enjoining enforcement of a money judgment in the state court, pending an appeal from a final judgment. The question is not moot, since a petition for rehearing would delay enforcement of the decree under the accounting, aside from the possibility of a writ of certiorari from the Supreme Court. Jurisdiction in equity to offset judgments between the same parties cannot be questioned. Loy v. Alston, 172 F. 90, 96 C.C. A. 578. It would be an anomalous situation if the court were deprived of the power to accord this efficacy to its own decrees because of the appellate procedure open to the parties.

No showing is made that any prejudice has resulted, or can result, from the stay. It does not appear that the court abused its discretion, and the order appealed from is affirmed.