**Nellie SWARB, David Wright, Anna Wright, Eugene Long, Margaret Long, Charles Green, and Octavius Green, on behalf of themselves and all others similarly situated,**

**v.**

**William M. LENNOX, individually, and as Sheriff of Philadelphia County, and D. Barlow Burke, Esq., individually, and as Prothonotary of the Courts of Common Pleas of Philadelphia County.**

Civ. A. No. 69–2981.

United States District Court, E. D. Pennsylvania.

June 24, 1970.

Charles H. Baron, Joel Weisberg, Community Legal Services, Inc., Philadelphia, Pa., for plaintiffs.

Blank, Rome, Klaus & Comisky, by Marvin Comisky, Philadelphia, Pa., for Middle Atlantic Finance Ass'n et al.

Theodore H. Lunine, Asst. City Sol., Philadelphia, Pa., for William M. Lennox and D. Barlow Burke.

Herbert Monheit, Deputy Atty. Gen., Philadelphia, Pa., for Commonwealth.

Before VAN DUSEN, Circuit Judge, and WEINER and HANNUM, District Judges.

## MEMORANDUM SUR MOTION FOR INJUNCTION PENDING APPEAL

PER CURIAM:

This Motion complains of the revision of the temporary restraining order issued in the above case on May 14, 1970 (Document 64) to exclude from the protection of that order executions on judgments entered on confession of judgment clauses in bonds and warrants of attorney accompanying mortgages. It is stipulated that, as a result of executions on 68 such judgments, mortgaged properties are listed for Sheriff's sale on July 6, 1970.

The opinion, including findings of fact and conclusions of law, filed June 1, 1970 (Document 66), 314 F.Supp. 1091, as well as the order of May 14, 1970, stated at page 1098:

"We find that plaintiffs have not sustained their burden of proof of the lack of valid consent to the confession of judgment procedure involved in the execution of bonds and warrants of attorney accompanying mortgages. Since the Supreme Court of the United States has consistently held that a rule of constitutional law is not to be formulated 'broader than is required by the precise facts to which it is to be applied' [Steamship Co. v. Emigration Commissioners, 113 U.S. 33, 39, 5 S.Ct. 352, 28 L.Ed. 899 (1885)], this record requires that any relief in this case be confined to a class consisting of individual natural Pennsylvania residents signing leases and consumer financing agreements, other than bonds and warrants of attorney accompanying mortgages, containing confession of judgment clauses." [1]

The plaintiffs, as well as other parties, were advised both on January 19 and January 26 of the importance of having as defendants the real parties in interest who would be affected by the relief sought (pp. 3 & 7 of transcript filed as Document 60). Counsel for the defendants stated at the January 26 hearing (p. 7 of transcript—Document 60) that it was his position that the responsibility of controverting the factual allegations of the Complaint would be on the creditors who were expected to intervene, and that he could not file an Answer to the Complaint until creditors had been made intervening defendants. At that time, such counsel took the position that "the creditors are necessary parties and that the Court would have no jurisdiction unless all the creditors are made parties."

In spite of this warning, plaintiffs did not join as defendants any creditors having as security for their financial documents bonds and warrants accompanying mortgages which contained confession of judgment clauses. Furthermore, no evidence was produced to show whether those signing such clauses at real estate settlements had the meaning and effect of these clauses explained to them. A court of equity has the duty to require a record presenting clearly the factual background of an alleged unconstitutional state practice which has been followed for more than a century and a half and the joinder by plaintiffs of the real parties in interest, rather than solely state officials who act without discretion under state statutes and rules, if

---

1. At page 1098, this language appears (footnotes are omitted):
"* * * the evidence offered by plaintiffs does not justify a finding that contracts other than notes used in consumer transactions, including leases and consumer loans, are signed by such residents without an understanding of their significance. * * * Confession of judgment clauses in bonds and warrants of attorney accompanying mortgages are normally signed at Title Company settlements and notice of execution on the mortgaged property must be given by certified mail under Philadelphia Common Pleas Rule 3129 * (f) (1), which is not referred to in the complaint. Furthermore, under Regulation Z (12 C.F.R. 226ff.) and Form NRR–3 (ID–2), there must be affirmatively called to any home mortgagor's attention the fact that he is subjecting his home to a lien in signing any such bond and warrant of attorney, and he is given three days within which to rescind the transaction."

equitable relief altering the long established status quo is to be granted. Under these circumstances, the authorities relied on by plaintiffs do not justify the reinstatement of a temporary restraining order terminated, after hearing, because of lack of proof (a) of an absence of valid consents and (b) of definition of the appropriate class of plaintiffs.

In the stay order entered by Circuit Justice Harlan on August 5, 1965, in Seagram & Sons, Inc. v. Hostetter, 86 S.Ct. 10, which is relied on by plaintiffs, the unconstitutionality of a recent 1964 New York statute was involved and Mr. Justice Harlan noted, at page 11 of 86 S.Ct., that "[its] validity under the Federal Constitution was upheld only by a closely divided vote of the New York Court of Appeals." See Joseph E. Seagram & Sons, Inc. v. Hostetter, 16 N.Y.2d 47, 262 N.Y.S.2d 75, 209 N.E.2d 701 (1965). In the case now before the court, the validity of state procedural statutes dating from the early Nineteenth Century are challenged and maintenance of the status quo will be secured by the continued application of these old statutes, not by restraining the application of a recently enacted statute which was the situation presented in the *Seagram* case.

Similarly, Radio Corp. of America v. United States, 95 F.Supp. 660, 669 (N.D.

Ill.1950), aff'd 341 U.S. 412, 71 S.Ct. 806, 95 L.Ed. 1062 (1951), involved a request for injunctive relief against a recently adopted regulation. Also, the other cases relied on by plaintiffs are inapplicable to the facts presented by this record.[2]

■ At the hearing on the above Motion, plaintiffs asked that the Motion be expanded to request relief from paragraph D of the order of June 16, 1970, insofar as that paragraph restricted the temporary restraining order to prevent executions on judgments entered on the basis of confession of judgment clauses in relevant documents signed only by those debtors who had incomes of less than $10,000. Again we believe that the record does not contain sufficient basis for declaring a long existent state practice unconstitutional in the case of debtors having incomes in excess of $10,000. per annum (see pages 1098–1099[3] of opinion of June 1, 1970, being Document 66). Furthermore, there is no showing of irreparable harm to those debtors with incomes in excess of $10,000. in the entry of confessed judgments against them. The expense of the motions to open and motions to strike procedure outlined at pages 1094–1095 and 1100 of the June 1 opinion is not necessarily unduly burdensome for such debtors.[4]

2. For example, Shinholt v. Angle, 90 F.2d 297 (5th Cir. 1937), involved an appeal from an interlocutory order of the District Court granting an injunction to stay proceedings under a judgment in the state court (allegedly obtained by fraud) pending an appeal from a District Court order dismissing so much of a bill of complaint as sought to set aside the judgment.

3. At page 1098 this wording is used:
"Furthermore, the record does not support a determination that this action may be maintained as a class action on behalf of individual natural persons with incomes of over $10,000. signing documents containing confession of judgment clauses. As pointed out above, only 4% of the debtors in the Caplovitz study earned more than $10,000. There has been no showing that these plaintiffs are representative parties who fairly and adequately protect the interest of persons signing confession of judgment notes who have in-

comes of over $10,000. See F.R.Civ. P. 23(a) (4). It is conceded that the holding required by this record may make it more difficult for those affected by this decision to secure credit and there is no necessity of extending such possible consequences to persons not fairly represented in the action. For these reasons, the court makes the determination required by F.R.Civ.P. 23 (c) (1) that this action may be maintained on behalf of those individual natural persons signing confession of judgment clauses in leases and consumer financing transactions who are residents of Pennsylvania having incomes of less than $10,000. a year."

4. There are attached to this Memorandum the MEMORANDUM OF LAW SUR MOTION FOR INJUNCTION PENDING APPEAL filed by plaintiffs with the court on June 22 and counsel for intervening defendants' letter of June 23.

For the foregoing reasons, the motion for injunction pending appeal will be denied.

## ORDER

And now, June 24, 1970, it is ordered that the motion for injunction pending appeal (Document 71) is denied.