Earl **JAMERSON** and Odell Wright, on behalf of themselves and all others similarly situated

v.

William M. **LENNOX**, individually and as Sheriff of Philadelphia County, Americo V. Cortese, Esq., individually and as Prothonotary of the Court of Common Pleas of Philadelphia County, Adal Corporation, Federal National Mortgage Association, Lansdowne Federal Savings and Loan Association, West Philadelphia Federal Savings and Loan Association, John B. Stetson Savings and Loan Association, Mid-Penn Consumer Discount Company.

Civ. A. No. 70–1796.

United States District Court,
E. D. Pennsylvania.
Aug. 27, 1970.

Joel G. Weisberg, Harold I. Goodman, David A. Scholl, Community Legal Services, Inc., Philadelphia, Pa., for plaintiffs.

Theodore H. Lunine, Philadelphia, Pa., for William M. Lennox and Americo V. Cortese.

Joseph R. Young, Media, Pa., for Lansdowne Federal Savings and Loan Assn.

William L. Matz, Philadelphia, Pa., for West Philadelphia Federal Savings and Loan Assn.

Mitchell E. Panzer, Michael L. Temin, John R. Reed, Philadelphia, Pa., for Federal National Mortgage Assn.

Arnold R. Lieberman, Philadelphia, Pa., for Adal Corp.

Louis S. Cali, Philadelphia, Pa., for James W. Baird Savings and Loan Assn.

Edwin Seave, Philadelphia, Pa., for Mid-Penn Consumer Discount Co.

Before VAN DUSEN, Circuit Judge, and WEINER and HANNUM, District Judges.

## MEMORANDUM AND ORDER SUR MOTION FOR PRELIMINARY INJUNCTION

### PER CURIAM.

Plaintiffs have moved for a preliminary injunction, restraining the defendants from selling property or transferring title to property already sold as a result of the entry of judgments confessed in bonds and warrants of attorney accompanying mortgages. For the following reasons, we deny this motion:

1. A careful examination of the record discloses that plaintiffs have failed to sustain their burden of establishing immediate and irreparable harm. *E.g.*, Joseph Bancroft & Sons Co. v. Shelley Knitting Mills, Inc., 268 F.2d 569, 574 (3d Cir. 1959). At the hearing held on the motion for a preliminary injunction, plaintiffs introduced three witnesses. Two witnesses testified that they were not presently in default on their mortgage payments. The third witness, Mrs. Marie Campbell, did testify that her home had been sold at the July 1970 Sheriff's sale, and that shortly before the sale she had been told that she would have to move out at some indefinite time in the future. However, she is still living in her home (some five weeks after its sale), apparently no legal proceedings have yet been brought to evict her, and there is no evidence that pressure has been brought upon her to move since the sale of her home. It is just as consistent with her testimony that the mortgagee or HUD is the present owner of her home as purchaser at the Sheriff's sale, and that it has no plans to evict her and her family until they can find other suitable housing. Evidence elicited at previous hearings on the motions for temporary restraining orders similarly failed to disclose a threat of immediate eviction of families whose homes had been sold after entry of judgment by confession.

2. Plaintiffs failed to demonstrate "that there is at least a reasonable probability of ultimate success" of their action after a hearing on the merits. *E. g.*, Industrial Electronics Corp. v. Cline, 330 F.2d 480, 482 (3d Cir. 1964). Defendants have indicated that they intend to plead *res judicata* as an affirmative defense, and it is reasonable to suppose that this court will receive a motion to dismiss based on the same ground. Although we make no finding on that issue at this time, its presence in the case, which cannot be ignored, makes plaintiffs' likelihood of success slight.

On December 23, 1969, Community Legal Services, representing a class of plaintiffs including all persons who had signed confession of judgment notes in Pennsylvania, instituted an action to

have the statutes providing for the entry of judgment by confession declared unconstitutional. Swarb v. Lennox, 314 F.Supp. 1091, 314 F.Supp. 1112 (E.D. Pa.). While the thrust of plaintiffs' complaint, briefs and proof in that case was against the use of confession of judgment notes in consumer transactions, the class of plaintiffs and relief requested clearly brought into issue the validity of confession of judgment clauses that had been signed in connection with mortgages. At a hearing on the application for a permanent injunction, plaintiffs introduced two such mortgage clauses (P–54 and P–69), and made no attempt to disabuse a representative of mortgagee savings and loan institutions of the necessity of his appearance as amicus curiae. (Transcript of 2/6/70 Hearing, at 70–73). On May 14, 1970, this court entered an order eliminating from the preliminary injunction confession of judgment clauses that had been signed in connection with mortgages. At that time the court explained that the Caplovitz Study, upon which plaintiffs had placed primary reliance, made a clear distinction between mortgages and consumer financing:

> "JUDGE VAN DUSEN: * * * Now that is one of the reasons why we made this distinction, because your proof just doesn't go to this situation, we feel.
>
> MR. BARON [attorney for plaintiffs]: Well, of course, we feel that it does, but as you say, this is—it is not the time to
>
> JUDGE VAN DUSEN: That is a question of opinion, yes. * * * We have spent a lot of time on it and we feel you haven't met your burden of proof. So that is our decision at the moment." (Transcript of 5/14/70 Hearing, at 25).

As the plaintiffs in the instant case have recognized in their complaint, this court finalized its finding on this issue by refusing

"to declare unconstitutional [the challenged statutes] regarding bonds and warrants and notes required by government agencies accompanying mortgages because the plaintiffs in [the Swarb] case had 'not sustained their burden of proof of the lack of valid consent to the confession of judgment procedure involved in the execution of bonds and warrants of attorney accompanying mortgages.' Swarb v. Lennox, C.A. No. 69–2981 (E.D.Pa. June 1, 1970), at 13 [314 F.Supp. 1091 at p. 1098]." Jamerson compliant ¶ 1.

After the final decision in the Swarb case, the plaintiffs took an appeal to the Supreme Court, and then applied to this court for a stay of the Sheriff's sale to be held July 6, 1970, in which 68 properties would be sold to satisfy judgments entered by the confessions contained in mortgage documents. This court denied the stay on June 24, 1970, and a subsequent application for a stay to the Supreme Court was also denied.

The instant action was commenced on July 6, 1970, and a temporary injunction against the same sales that the Swarb plaintiffs had previously sought to stay, was sought and denied. The complaint filed by Community Legal Services contains exactly the same definition of class, the same prayer of relief, and the same substantive allegations as the Swarb complaint. Compare Jamerson complaint ¶¶ 4(c), 7–10, 12–22, 25–26, 45 and "WHEREFORE" clause, with Swarb complaint ¶¶ 4(d), 7–15, 17–25, 85 and "WHEREFORE" clause.

Because the parties and cause of action in the instant action are substantively the same as those in the Swarb case, and because this court in the Swarb case decided the issue in controversy here against the plaintiffs on the merits, it would appear the defense of *res judicata* is a very real obstacle to the success of this action.[1] *E.g.,* Hansberry

---

1. The colloquy between court and counsel at the May 14, 1970 Hearing in the *Swarb* case makes clear that the court's finding in that case concerning the understand-

v. Lee, 311 U.S. 32, 42–43, 61 S.Ct. 115, 85 L.Ed. 22 (1940); Sunshine Anthracite Coal Co. v. Adkins, 310 U.S. 381, 402, 60 S.Ct. 907, 84 L.Ed. 1263 (1940); *see, e. g.,* Commissioner of Internal Revenue v. Sunnen, 333 U.S. 591, 597, 68 S.Ct. 715, 92 L.Ed. 898 (1948). Whether Community Legal Services adequately represented the interests of mortgagors the first time it tried this case, *see* Hansberry v. Lee, *supra,* is an issue we do not decide at this time.

We also note that the testimony elicited so far to indicate lack of understanding of the confession of judgment clause by mortgagors may not have been presented "with sufficient clarity to require or justify" a decision that the state act, as applied to mortgagors, is unconstitutional. *See Swarb* opinion, supra, at 1098.

For the foregoing reasons, the motion for a preliminary injunction will be denied.

ing of mortgagors related to mortgages secured in the connection with home purchases. The judgments and clauses challenged in the instant case are not limited to mortgages taken in connection with consumer financing, and indeed, the existence of such mortgages is not alleged.