MODERN DISTRIBUTORS, INC., a California Corporation, Plaintiff,

v.

Leonard WOLIN, Individually, and dba American Industries, and dba Consolidated Distributors, and Gaylord L. Campbell, United States Marshal, Central District of California, Defendants.

Civ. A. No. 75-2121-AAH.

United States District Court,
C. D. California.

July 28, 1975.

———◆———

Sulmeyer, Kupetz, Baumann & Rothman, Los Angeles, Cal., for plaintiff.

Richman & Herman, Beverly Hills, Cal., for defendants.

FINDINGS OF FACT AND CONCLUSIONS OF LAW

HAUK, District Judge.

This case came on for hearing on the Motion of the Plaintiff for a Preliminary Injunction, and the parties, through their counsel, having stipulated that this Motion may be treated as a Motion for Summary Judgment subject to a Motion for Reconsideration by Defendant Leonard Wolin, which Motion will be filed, if at all, within sixty (60) days after the entry of this Judgment, and the Court having considered the Verified Complaint, the Affidavits submitted in support of the Motion and in opposition thereto, the files and records herein, and having heard argument of counsel, the Court makes the following.

FINDINGS OF FACT

1. On April 6, 1971, in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 69 C 1865 Modern Distributors, Inc., obtained a judgment against Leonard Wolin individually and doing business as Consolidated Distributors, in the sum of $7,500.00.

2. That on April 29, 1975, Plaintiff Modern Distributors, Inc., registered said judgment with this Court as Case No. MISC 4686.

3. That on June 18, 1975, Plaintiff Modern Distributors, Inc., had a Writ of Execution issued in Case No. MISC 4686.

4. That on February 28, 1975; Defendant Leonard Wolin obtained a judgment in the United States District Court for the Northern District of Illinois, Eastern Division, Case No. 69 C 1864 entitled Modern Distributors, Inc., a California corporation, Plaintiff and Counter-Defendant vs. Leonard Wolin, individually and dba American Industries, Defendant and Counter-Plaintiff, in the sum of $60,000.00.

5. That said judgment in favor of Leonard Wolin is payable over a period of fifty (50) consecutive months, in equal payments of $1,000.00 per month, due on the first day of each month, commencing March 1, 1975 through April 1, 1979, inclusive, and, additionally, that a payment of $10,000.00 is due on February 15, 1976.

6. That on May 13, 1975, Leonard Wolin registered said judgment with this Court as Case No. MISC 4721.

7. That on May 13, 1975, Leonard Wolin had a Writ of Execution issued in Case No. MISC 4721 for the sum of $59,000.00.

On the basis of the foregoing, the Court makes the following.

### CONCLUSIONS OF LAW

1. That this Court has jurisdiction to hear this matter by virtue of the parties registering their respective judgments with this Court. *Ohio Hoist Manufacturing Co. v. Vincent L. Rocchi,* 490 F. 2d 105 (6th Cir. 1974).

2. That this Court as a court of equity, must set off the mutual judgments of the Plaintiff and Defendant herein. *Shinholt v. Angle,* 90 F.2d 297 (5th Cir. 1937).

3. That the Writ of Execution obtained by Defendant Leonard Wolin in Case No. MISC 4721 does not provide for the setoff to which Plaintiff is entitled.

4. That by setting off Plaintiff's judgment for $7,500.00 against the payments due Defendant, pursuant to his judgment, the payments up to and including September 1, 1975 are satisfied.

5. That no Writ of Execution may be obtained by Defendant until thirty (30) days after default in payment.

6. That Defendant may not have a Writ of Execution issued prior to October 31, 1975.